DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WYATT CHRISTESON, individually and on behalf of a class of similar employees, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civ. Action No. 2:18-cv-02043-KHV-JPO |
| AMAZON.COM.KSDC, LLC, | § § | |
| Defendant. | § § | |

### CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("Agreement") is entered into by and between Plaintiff Wyatt Christeson ("Christeson") and Defendant Amazon.com.ksdc, LLC ("Amazon"), subject to approval by the Court (as defined below).

## I.
### RECITALS

1. Christeson filed the above-styled collective action lawsuit against Amazon on January 25, 2018 (the "Lawsuit"). Christeson asserts in the Lawsuit that Amazon failed to compensate him and a putative class of alleged similarly situated employees for all overtime hours worked in violation of the requirements of 29 U.S.C. § 207(a) of the Fair Labor Standards Act ("FLSA").

2. On July 6, 2018, the Settling Parties (as defined below) mediated the Lawsuit before professional mediator John Phillips.

3. Class Counsel (as defined below) has made a thorough and independent investigation of the facts and law related to the allegations in the Lawsuit. In agreeing to the terms of this Agreement, Class Counsel has considered: (a) the facts developed during the litigation and mediation of the Lawsuit and the law applicable thereto; (b) the facts developed from speaking with the Collective Class Representative (as defined below); (c) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Amazon; and (d) the desirability of consummating a settlement according to the terms of this Agreement. The Collective Class Representative has also concluded that the terms of this Agreement are fair, reasonable, and adequate, and that it is in the best interest of the Participating Plaintiffs (as defined below) to settle their claims against Amazon pursuant to the terms of this Agreement.

4. Amazon denies the allegations in the Lawsuit and denies that it engaged in any wrongdoing or that it violated any law in any respect, including, but not limited to, the FLSA.

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

Amazon is entering into this Agreement because, among other things, it will eliminate the burden, risk, and expense of further litigation.

5.      Neither this Agreement nor any document referred to herein, nor any action taken to carry out this Agreement, may be used in any way as an admission, concession, or indication by or against Amazon of any fault, wrongdoing, or liability whatsoever.

6.      This Agreement is intended by the Settling Parties (as defined below) to fully, finally, and forever resolve, discharge, and settle the Lawsuit, the Released Claims (as defined below), and the Collective Class Representative's Released Claims (as defined below) upon and subject to the terms and conditions set forth herein.

7.      In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Settling Parties, IT IS HEREBY AGREED, by and between the undersigned, subject to the conditions set forth herein, that the Collective Class Representative's Released Claims and the Released Claims of the Participating Plaintiffs shall be settled, compromised, and dismissed, on the merits and with prejudice.

## II.
### DEFINITIONS

In addition to the terms defined elsewhere in the Agreement, the following terms shall have the meanings ascribed to them below:

a.      "Amazon's Counsel" means MORGAN, LEWIS & BOCKIUS LLP and its attorneys.

b.      "Approval Motion" means a jointly-submitted motion seeking an Order granting Court approval of this Agreement, the Cost and Fee Award, and the Service Award.

c.      "Class Counsel" means MCCAULEY & ROACH, LLC and its attorneys, who warrant and represent that no other law firms or attorneys are serving in any capacity as Class Counsel.

d.      "Collective Class Members" means the individuals who were employed by Amazon as IT Support Engineers at any time from January 25, 2015, through March 31, 2018. These individuals who have not yet filed a notice of consent to join this Lawsuit are identified in the Confidential Class List (as defined below).

e.      "Collective Class Representative" means Christeson.

f.      "Collective Class Representative's Released Claims" mean any and all claims and causes of action (except for claims arising specifically from a breach of this Agreement), whether known or unknown, arising out of or related to Christeson's employment with any of the Released Parties (as defined below) and any other events or transactions involving the Released Parties that precede the date of this Agreement. The claims and causes of action released by Christeson include, but are not limited to, the following: contract claims; claims for salary, benefits, overtime, bonuses, severance pay, or vacation pay; claims or causes

2

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

of action sounding in negligence or tort; claims for medical bills; discrimination or retaliation claims; all matters in law, in equity, or pursuant to statute, including damages, attorneys' fees, costs, and expenses; and, without limiting the generality of the foregoing, to all claims, including, but not limited to, claims arising under 42 U.S.C. § 1981; the Genetic Information Nondiscrimination Act; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*; the FLSA, 29 U.S.C. § 200 *et seq.*; the Immigration and Nationality Act; the Kansas Act Against Discrimination; the Kansas Minimum Wage and Maximum Hours Law; the Kansas Discrimination Against Military Personnel Act; the Kansas Discrimination Against Employees who are Victims of Domestic Violence or Sexual Assault Act; the wage/hour laws and regulations of any state; and any other federal, state, or local law, statute, or ordinance affecting or related to Christeson's employment with any of the Released Parties and any other events or transactions involving the Released Parties. The Collective Class Representative shall enter into the separate Confidential General Release (as defined below), which shall encompass and include the Collective Class Representative's Released Claims and other terms.

g.      "Confidential Class List" means a spreadsheet that Amazon shall prepare and provide to Class Counsel that contains the names, last known home addresses, and personal e-mail addresses (if known) of Christeson and the Collective Class Members along with the amount of each Collective Class Member's Settlement Payment (as defined below) as determined using the formula described in Section 1.1 of this Agreement.

h.      "Confidential General Release" means the separate Confidential General Release attached to this Agreement at Exhibit 1 that Christeson shall execute concurrently with this Agreement.

i.      "Consent" means the mutually-agreed-upon form attached as Exhibit 3 and provided with the Notice, which the Collective Class Members must return during the Notice Period (as defined below) in order to receive a Settlement Payment.

j.      "Cost and Fee Award" means the award of costs and attorneys' fees that the Court authorizes to be paid to Class Counsel from the Maximum Settlement Amount (as defined below) for the services provided to the Collective Class Members. The Cost and Fee Award shall not exceed the gross amount of Thirty-Seven Thousand Four Hundred Sixty-Seven Dollars and Sixty-Two Cents ($37,467.62). The Cost and Fee Award will compensate Class Counsel for all costs incurred and all work performed in the Lawsuit as of the date of this Agreement as well as all of the work remaining to be performed through the conclusion of this matter, including, but not limited to, negotiating the Agreement, and obtaining Final Court Approval of this Confidential Settlement Agreement and Release. Amazon shall issue a Form 1099 to Class Counsel for the full amount of the Cost and Fee Award and a Form 1099 shall also issue to each Participating Plaintiff for their pro-rata share of the Cost and Fee Award.

k.      "Court" means the United States District Court for the District of Kansas.

l.      "Final Approval Date" means the date on which the Court finally approves the Agreement.

3

        m.     "Final Court Approval" means the order the Court enters finally approving the Agreement.

        n.     "Mailing Date" means the date on which Class Counsel first mails and e-mails the Notice (as defined below) and the Consent to the Collective Class Members.

        o.     "Maximum Settlement Amount" means the maximum amount that Amazon shall pay under the terms of this Agreement in exchange for the release of all Released Claims by the Participating Plaintiffs and all Collective Class Representative's Released Claims, which is the sum of Sixty-One Thousand Six Hundred Thirty-Six Dollars and Zero Cents ($61,636.00). The Maximum Settlement Amount includes the Cost and Fee Award, the Service Award (as defined below), and the Settlement Payments. In no event shall the amount owed by Amazon exceed the Maximum Settlement Amount. The Maximum Settlement Amount excludes Amazon's share of FICA and FUTA payroll taxes and other applicable taxes under state law, if any.

        p.     "Net Settlement Amount" means the Maximum Settlement Amount minus the Cost and Fee Award and the Service Award. The Settling Parties acknowledge that all of these amounts are subject to the Court's approval.

        q.     "Notice" means the mutually-agreed-upon notice attached as Exhibit 2 that Class Counsel will mail and e-mail along with the Consent to the Collective Class Members.

        r.     "Notice E-Mail" means the mutually-agreed-upon e-mail attached to the Approval Motion as Exhibit 4 that Class Counsel shall issue to the Collective Class Members attaching the Notice and Consent pursuant to the requirements of Section 5.2 of this Agreement.

        s.     "Notice Period" means the 60-day period after the Mailing Date during which the Collective Class Members must return a Consent and a Form W-9 to receive a Settlement Payment. Documents postmarked on or within this 60-day period are considered within the Notice Period.

        t.     "Participating Plaintiffs" mean Christeson and each of the Collective Class Members who timely returns a Consent and a Form W-9 during the Notice Period.

        u.     "Released Claims" mean any and all state, local, or federal claims, obligations, demands, actions, rights, causes of action, and liabilities, whether known or unknown, against any of the Released Parties for alleged unpaid overtime wages, straight time pay, late pay, minimum wages, miscalculation of bonus payments, misclassification, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, attorneys' fees, punitive damages, treble damages, restitution and equitable relief, interest, litigation costs, restitution, or other compensation and relief, arising under the FLSA or any other federal, state, or local law, statute, rule, ordinance, regulation, constitution, court-created/common law, and/or agreement with respect to allegedly unpaid wages during the time that the Collective Class Members were employed by any of the Released Parties.

        v.     "Released Parties" mean Amazon, and all of its past, present, and future parents, subsidiaries, affiliates, successors, divisions, suppliers, contractors, sub-contractors,

predecessors, assigns, holding companies, and joint venturers, and each of its respective past or present directors, officers, employees, partners, members, employee benefit plan administrators and fiduciaries, trustees, principals, agents, insurers, co-insurers, re-insurers, managers, shareholders, attorneys, and personal or legal representatives, in their individual and corporate capacities.

        w.      "Reminder Post Card" means the mutually-agreed-upon post card attached as Exhibit 5 that Class Counsel shall mail to the Collective Class Members pursuant to the requirements of Section 5.4 of this Agreement.

        x.      "Service Award" means the payment that the Court authorizes to be paid to Christeson from the Maximum Settlement Amount for his service as the Collective Class Representative in the Lawsuit and for executing the Confidential General Release. The Service Award to Christeson shall not exceed the gross amount of Five Thousand Dollars and Zero Cents ($5,000.00) and shall be paid subject to an IRS Form W-2.

        y.      "Settling Parties" mean Amazon and the Participating Plaintiffs.

        z.      "Settlement Payment(s)" means the payment that each Participating Plaintiff shall be entitled to receive pursuant to the terms of this Agreement.

### III.
### THE SETTLEMENT

**1.**    **Consideration to Participating Plaintiffs**

        1.1.      Each Participating Plaintiff shall receive a Settlement Payment in the amount of $250 plus $195.095 for each instance that Participating Plaintiff recorded, for any Sunday through Saturday work-period, between January 25, 2015, and March 31, 2018, within twelve minutes of forty, forty-nine, or fifty-five work hours in a week. For the avoidance of any doubt, the references to forty, forty-nine, or fifty-five work hours in a week in this or any other Section of the Agreement or the Notice in no way limit the scope of Released Claims as defined in Section II.u.

        1.2.      The Settlement Payment to each Participating Plaintiff shall be composed of two separate payments. The first payment shall constitute an amount equal to fifty percent (50%) of the total Settlement Payment to that Participating Plaintiff and shall be deemed payment in settlement of claims for alleged unpaid overtime or other wages. The first payment shall be subject to appropriate deductions and withholdings for wages by Amazon and a Form W-2 shall issue for the first payment. The second payment shall constitute the remaining fifty percent (50%) of the Settlement Payment to that Participating Plaintiff and shall be deemed payment in settlement of claims for alleged liquidated damages, penalties, and all other non-wage income. A Form 1099 shall issue for the second payment.

        1.3.      Amazon shall issue the Settlement Payments to the Participating Plaintiffs and will report each payment to all relevant state and federal government authorities, including the Internal Revenue Service, as detailed below.

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

## 2.    Taxes

2.1.    The portion of each Participating Plaintiff's Settlement Payment that is allocated to the settlement of claims for alleged unpaid wages: (a) shall be subject to required withholdings and deductions by Amazon, which will result in the net amount paid being less than the gross amount; and (b) shall be reported in the year of payment as wage income to the Participating Plaintiff on a Form W-2 and on such other state or local tax reporting forms as may be required by law. The portion of each Participating Plaintiff's Settlement Payment that is allocated to all other claims, including, without limitation, claims for alleged liquidated damages, penalties, and all other non-wage income: (a) shall not be subject to withholdings and deductions by Amazon, which will result in the net amount paid equaling the gross amount; and (b) shall be reported in the year of payment as non-wage income to the Participating Plaintiff on a Form 1099 and on such other state or local tax reporting forms as may be required by law. Amazon shall be responsible for issuing the appropriate tax forms to the Participating Plaintiffs. As to the payments reported as non-wage income, the Participating Plaintiffs agree to indemnify and hold harmless the Released Parties for any taxes found to be due or owing by the Participating Plaintiffs on such payments.

2.2.    The Participating Plaintiffs shall be solely responsible for the reporting and payment of their share of any federal, state, and/or local income or other taxes, if any, on the payment of any of the Settlement Payments or the Cost and Fee Award. Class Counsel and the Participating Plaintiffs further agree to indemnify and hold harmless Amazon for any taxes found to be due or owing related to the payment of the Cost and Fee Award. The Collective Class Representative shall be responsible for the reporting and payment of his share of any federal, state, and/or local income or other taxes, if any, on the payment of the Service Award. The Released Parties make no representation, and it is understood and agreed that the Released Parties have made no representation, as to the taxability of any Participating Plaintiff's Settlement Payment, the taxability of the Cost and Fee Award, or the taxability of the Service Award.

2.3.    Class Counsel agrees to provide Amazon with completed Form W-9s for Class Counsel's law firm and for Christeson within ten (10) business days of the execution of this Agreement. Class Counsel will provide Form W-9s to the Collective Class Members along with the Consent. The Collective Class Members must return the Consent and the Form W-9 to Class Counsel to become a Participating Plaintiff and receive a Settlement Payment.

## 3.    Stipulation to Final Certification and Dismissal of the Lawsuit

3.1.    The Settling Parties stipulate, for settlement purposes only, to the final certification by the Court of a collective action that includes all Collective Class Members.

3.2.    If for any reason the Final Approval Date does does not occur or this Agreement is lawfully terminated, Amazon retains the absolute right to dispute the propriety of collective action certification on all applicable grounds, shall maintain all of its defenses, and this Agreement and the negotiations leading up to it will be inadmissible and kept confidential by Class Counsel and the Collective Class Members to the maximum extent permissible by law.

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

3.3.    Class Counsel shall prepare and file the Approval Motion within ten (10) business days of the execution of this Agreement and agrees to cooperate in good faith in obtaining Court approval of this Agreement.  Amazon will not unreasonably withhold its agreement to the Approval Motion.  Class Counsel further agrees to prepare and file any other documents that are needed to obtain approval of the Agreement and all exhibits to the Approval Motion and to effectuate dismissal of the Lawsuit.

3.4.    A decision by the Court not to grant the Approval Motion, or a decision by the Court to enter an order granting the Approval Motion with modifications (other than modifications concerning the proposed amount of the Cost and Fee Award or the Service Award) that Class Counsel or Amazon's Counsel determines in their reasonable and good faith judgment to be material, will be discretionary grounds for Class Counsel or Amazon's Counsel to terminate this Agreement by providing written notice to the other and to the Court within five (5) business days of receipt of the Court's decision.

3.5.    Within seven (7) days of the latter of 1) mailing of all Settlement Payments, or 2) receipt of the Service Award and the Cost and Fee Award, the Participating Plaintiffs agree to dismiss the Lawsuit with Prejudice.

## 4.    **Administration of the Settlement**

4.1.    Class Counsel shall be responsible for administering the settlement in accordance with the terms of the Agreement.

## 5.    **Notice to Collective Class Members**

5.1.    Amazon shall provide the Confidential Class List to Class Counsel within fifteen (15) business days of the execution of this Agreement.  Class Counsel shall not disclose any information in the Confidential Class List to the Collective Class Representative or any third party to this Agreement without Amazon's express written consent.

5.2.    Using the Confidential Class List, Class Counsel shall issue the Notice and Consent along with a blank Form W-9 via first-class mail and the Notice E-mail to all Collective Class Members within fifteen (15) days of the Final Approval Date when the Court authorizes the issuance of the Notice and Consent.

5.3.    Class Counsel shall provide written notice to Amazon's Counsel of the Mailing Date.  By 7:00 p.m. Central Time each Friday during the Notice Period, Class Counsel shall also provide Amazon's Counsel with a list of the names of all Collective Class Members who became Participating Plaintiffs during that week.

5.4.    Thirty (30) days after the Mailing Date, Class Counsel shall mail a Reminder Post Card to all Collective Class Members who have not returned a completed Consent and completed Form W-9.

5.5.    The Collective Class Members must return a completed Consent along with a completed Form W-9 to Class Counsel on or before the end of the Notice Period in order to become a Participating Plaintiff.  To be timely, the Consent and the Form W-9 must be post-

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

marked on or before the close of the Notice Period. Amazon reserves the right to accept or reject any Consents or Form W-9s that are post-marked after the end of the Notice Period.

## 6.      Timing of Payment to Participating Plaintiffs

6.1.      Within thirty (30) days of the close of the Notice Period, Amazon shall mail the Settlement Payments to each of the Participating Plaintiffs.

6.2.      Checks issued to Participating Plaintiffs pursuant to this Agreement shall remain negotiable for a period of one hundred and twenty (120) calendar days from the date they are issued.   Amazon is not required to re-issue any Settlement Payments to any Participating Plaintiffs who fail to timely negotiate their Settlement Payments.   Amazon, however, agrees to re-issue checks to the extent that Settlement Payments are not properly or timely delivered due to errors of the postal system. Moreover, Participating Plaintiffs who fail to timely negotiate their Settlement Payments shall, like all other Participating Plaintiffs, remain bound by the terms of this Agreement and shall be deemed to have waived and released all Released Claims against the Released Parties.

## 7.      Retention of Unclaimed Funds

7.1.      Amazon shall retain all unclaimed funds from the Net Settlement Amount after the issuance of the Settlement Payments. Any portion of the Cost and Fee Award or the Service Award that is not approved by the Court shall also be retained by Amazon.

## 8.      Releases

8.1.      Upon executing the Consent, each of the Participating Plaintiffs, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all Released Claims.

8.2.      Christeson shall be deemed to have fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all of the Collective Class Representative's Released Claims upon execution of the Confidential General Release. Christeson shall execute and return the Confidential General Release to Amazon's Counsel within five (5) days of the Final Approval Date.

## 9.      Payment of the Cost and Fee Award, and the Service Award

9.1.      Amazon understands Participating Plaintiffs will request from the Court approval of the Cost and Fee Award and the Service Award as described herein.   Amazon agrees not to oppose such application for the Cost and Fee Award and the Collective Class Representative's application for the Service Award nor contend these amounts are unreasonable.

9.2.      The Cost and Fee Award and the Service Award shall be paid from the Maximum Settlement Amount. Amazon shall mail the Cost and Fee Award and the Service Award to MCCAULEY & ROACH, LLC, 527 W 39TH ST, Suite 200, Kansas City, Missouri 64111

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

within thirty (30) days of the close of the Notice Period, so long as Class Counsel has provided Amazon with the required W-9s for its law firm and Christeson pursuant to Section 2.3 of this Agreement.

        9.3.    The Collective Class Representative and Class Counsel, on behalf of themselves and all Participating Plaintiffs, agree that they shall neither seek nor be entitled to any additional costs, attorneys' fees, or awards under any theory. The Collective Class Representative and Class Counsel further agree that they shall be responsible for justifying the amounts of the Cost and Fee Award and the Service Award to the Court and shall submit, as appropriate, the necessary materials to justify same.

## 10.    Confidentiality of Agreement

        10.1.   Amazon and the Collective Class Representative will work cooperatively and take steps necessary to preserve the confidentiality of the Agreement. Amazon and the Collective Class Representative shall keep the existence and terms of this Agreement and the attachments hereto, the Settling Parties' settlement negotiations, the amount of the Maximum Settlement Amount, the Net Settlement Amount, the Cost and Fee Award, the Service Award and all related information (the "Confidential Information") strictly confidential, and, aside from the Court, shall not disclose the Confidential Information to any third parties (including the media), or directly or indirectly reference or describe such Confidential Information on any websites, blogs, or on social media. The Settling Parties agree to work cooperatively and take steps necessary to obtain approval of the Agreement.

        10.2.   Other than necessary disclosures made to the Court, Class Counsel and the Participating Plaintiffs agree not to publicize in any manner this case, the settlement, or any of the terms of this Agreement through any means of disclosure, electronic or otherwise. By way of example, Class Counsel and the Participating Plaintiffs agree that they will not initiate, reveal, or publish any information about this lawsuit via print, newspaper, television, radio, website, blog, social media, press release, press conference, press event, or response to a press inquiry. If a Participating Plaintiff is confronted with an unsolicited direct inquiry by the media, the Collective Class Member is permitted to respond that he or she believes the settlement is a fair resolution of the matter. Nothing in this provision is intended to prevent Collective Class Members from communicating directly with other Collective Class Members or counsel regarding this lawsuit or this settlement.

        10.3.   After filing the Approval Motion, if a Collective Class Member contacts Class Counsel directly, Class Counsel may discuss with the Collective Class Member the terms of the settlement as it relates to the individual's own circumstances only, such as his/her workweeks, overtime hours worked, and Settlement Payment.

        10.4.   Provision of the notices to Collective Class Members as provided for by this Agreement is not considered a breach of this provision.

## 11.    Termination of Settlement

11.1.    Amazon shall make no payments to anyone under this Agreement if: (1) Final Court Approval does not occur, excluding modifications that the Settling Parties determine in their reasonable and good faith judgment to not be material modifications; or (2) the Agreement is terminated, cancelled, declared void, or fails to become effective in accordance with its terms. In the event of one of the above occurrences, the Settling Parties will each bear their own costs and fees with regard to the efforts to carry out the terms of this Agreement. Further, in such event, this Agreement, except for those provisions relating to non-admissibility, confidentiality, and non-admission of liability, shall be deemed null and void, its terms and provisions shall have no further force and effect with respect to the Settling Parties and it shall not be used in the Lawsuit or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, nunc pro tunc.

11.2.    Amazon shall have the absolute discretionary right to terminate this Agreement and the terms set forth in this Agreement in the event that any of the following conditions occur:

11.2.1.    this Agreement is construed in any way that would require Amazon to pay: (i) more than the Maximum Settlement Amount; and/or (ii) any amount(s) not expressly provided for in this Agreement; or

11.2.2.    the Collective Class Representative or Class Counsel breaches this Agreement.

11.3.    To the extent Amazon chooses to exercise the right to terminate this Agreement, it must do so through written notice to Class Counsel within fourteen (14) calendar days of Amazon learning of the occurrence of the operative condition warranting termination.

11.4.    Notwithstanding any other provision of this Agreement, no order of the Court, or modification or reversal on appeal of any order of the Court, reducing the amounts of or eliminating entirely the Cost and Fee Award or the Service Award shall constitute grounds for cancellation or termination of this Agreement.

## 12.    Miscellaneous Provisions

12.1.    Amazon's only obligations to Class Counsel and the Collective Class Members are set forth in this Agreement.

12.2.    This Agreement compromises claims that are contested in good faith, and it shall not be deemed an admission by any of the Participating Plaintiffs as to the merits of any claim or any potential defense. The Participating Plaintiffs agree that the amounts paid in connection with this Agreement and the other terms of the settlement were negotiated in good faith by the Settling Parties and reflect an Agreement that was reached voluntarily after consultation with Class Counsel and Amazon's Counsel.

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

12.3.   The Released Parties specifically and generally deny any and all liability or wrongdoing of any sort with regard to any of the claims asserted in the Lawsuit and make no concessions or admissions of liability of any sort.   Neither this Agreement nor any act performed or document executed pursuant to, or in furtherance of, this Agreement is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims or the wrongdoing or liability of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal for any reason.

12.4.   This Agreement, along with Exhibits 1 through 5, attached hereto, constitutes the entire agreement between the Settling Parties regarding the subject matter discussed herein, and no representations, warranties, or inducements have been made to any party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized herein.   Except as otherwise explicitly provided herein, each Settling Party shall bear its own fees and costs.

12.5.   Class Counsel, on behalf of the Participating Plaintiffs, represents that, after consultation with and approval of the Collective Class Representative, they are expressly authorized by the Collective Class Representative to take all appropriate action required or permitted to be taken by the Collective Class Representative pursuant to this Agreement to effect its terms, and are also expressly authorized to enter into any modifications or amendments to this Agreement on behalf of the Participating Plaintiffs that they deem appropriate.   Amazon's Counsel also represent that they are expressly authorized to take all appropriate action required or permitted to be taken by Amazon pursuant to this Agreement to effect its terms, and also are expressly authorized to enter into any modifications or amendments to this Agreement on behalf of Amazon that they deem appropriate.

12.6.   This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

12.7.   Whenever this Agreement requires or contemplates that a Settling Party shall or may give notice, the notice shall be provided by e-mail, facsimile, and/or next-day (excluding Sundays and Court holidays) express delivery service as follows:

(i) If to Amazon, then to:

Stefanie R. Moll
Stefanie.Moll@morganlewis.com
T. Cullen Wallace
Cullen.Wallace@morganlewis.com
Morgan, Lewis & Bockius LLP
1000 Louisiana, Suite 4000
Houston, Texas 77002
Facsimile:  713-890-5001

(ii) If to Collective Class Representative, then to:

Michael T. Miller
mike@mccauleyroach.com
MCCAULEY & ROACH, LLC
527 W 39TH ST, Suite 200
Kansas City, Missouri 64111
Facsimile: 816-523-1708

12.8. All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing this Agreement. Any action to enforce this Agreement shall be commenced and maintained only in this Court.

12.9. This Agreement shall be considered to have been negotiated, executed, and delivered, and to have been wholly performed, in the State of Kansas, and the rights and obligations of the Settling Parties shall be construed and enforced in accordance with, and governed by, the substantive laws of the State of Kansas without giving effect to Kansas's choice of law principles.

12.10. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any Settling Party. No Settling Party shall be deemed the drafter of this Agreement. The Settling Parties acknowledge that the terms of this Agreement are contractual and are the product of arms-length negotiations between the Class Counsel and Amazon's Counsel. Class Counsel and Amazon's Counsel cooperated in the drafting and preparation of this Agreement.

12.11. Neither Class Counsel nor any other attorneys acting for, or purporting to act for, the Participating Plaintiffs may recover or seek to recover any amounts for attorneys' fees, costs, awards, or other disbursements from the Maximum Settlement Amount or otherwise from the Released Parties except as expressly provided herein.

12.12. This Agreement may not be changed, altered, or modified, except in writing signed by the Collective Class Representative, Class Counsel, and Amazon and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing used by the Settling Parties.

12.13. Paragraph titles or captions contained in this Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement, or any provision thereof.

## 13. Destruction of All Documents and Other Discovery

13.1. No materials or information, including the Confidential Class List and any other electronic information or documents, other than materials or information that are in the public domain, provided by Amazon to Class Counsel or the Collective Class Representative during the course of the Lawsuit or during the settlement of the Lawsuit shall be disseminated or distributed to any third party or entity by the Collective Class Representative or

Class Counsel. All originals or reproductions of the Confidential Class List and any other materials obtained by Class Counsel from Amazon that were retained by Class Counsel or given to any party, expert, consultant, or other person, whether in hard copy or electronic form, shall be retrieved by Class Counsel and destroyed, and Class Counsel shall certify within thirty (30) calendar days of the dismissal of this Lawsuit with prejudice that they have destroyed all such hard copy and electronic documents or information and all copies thereof.

IN WITNESS WHEREOF, the Collective Class Representative, Class Counsel, and Amazon indicate their intent to be fully bound by the terms of this Agreement by signing in the spaces provided below:

**PLAINTIFF:** _____    Date: _____, 2018
                        Wyatt Christeson

**CLASS**
**COUNSEL:** _____    Date: _____, 2018
                        Michael T. Miller
                        on behalf of Class Counsel

**DEFENDANT:** Troy Winters                         November 17, 2018
                        Amazon.com.ksdc, LLC         Date: _____, 2018

Class Counsel. All originals or reproductions of the Confidential Class List and any other materials obtained by Class Counsel from Amazon that were retained by Class Counsel or given to any party, expert, consultant, or other person, whether in hard copy or electronic form, shall be retrieved by Class Counsel and destroyed, and Class Counsel shall certify within thirty (30) calendar days of the dismissal of this Lawsuit with prejudice that they have destroyed all such hard copy and electronic documents or information and all copies thereof.

IN WITNESS WHEREOF, the Collective Class Representative, Class Counsel, and Amazon indicate their intent to be fully bound by the terms of this Agreement by signing in the spaces provided below:

PLAINTIFF: _____     Date: 11/28, 2018
Wyatt Christeson

CLASS
COUNSEL: _____     Date: 1/28, 2018

Michael T. Miller
on behalf of Class Counsel

DEFENDANT: _____     Date: _____, 2018
Amazon.com.ksdc, LLC

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

# EXHIBIT 1

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

WYATT CHRISTESON, individually and on
behalf of a class of similar employees,

             Plaintiff,

v.

AMAZON.COM.KSDC, LLC,

             Defendant.

§
§
§
§
§
§
§
§
§
§
§

Civ. Action No. 2:18-cv-02043-KHV-JPO

**CONFIDENTIAL GENERAL RELEASE**

This Confidential General Release is entered into by and between Plaintiff Wyatt Christeson and Defendant Amazon.com.ksdc, LLC ("Amazon") contemporaneously with and pursuant to the terms and conditions of the Confidential Settlement Agreement and Release ("Agreement") to which this Confidential General Release is attached. The terms of the Agreement are incorporated by reference in this Confidential General Release as if fully set forth herein.

**1.     Release.**     In consideration of the Service Award and Settlement Payment, the payment of which is governed by the terms of the Agreement, Christeson expressly waives any and all Collective Class Representative's Released Claims (as defined in the Agreement) against the Released Parties (as defined in the Agreement).

For the purpose of implementing a full and complete release, Christeson hereby expressly waives all rights and benefits he may have under this Section 1, as well as under any other statutes or common law principle of similar effect that provides any remedy of any kind, and acknowledges that the release set forth in this Confidential General Release is intended to include the discharge of all claims that Christeson does not know or suspect to exist at the time this Confidential General Release is effective. Christeson agrees and acknowledges that this is a knowing and voluntary waiver.

It is expressly understood and agreed, however, that nothing in this Confidential General Release is a waiver or release by Christeson of any claims he may have for workers' compensation benefits.

**2.     Acknowledgments.** Christeson acknowledges and agrees: (i) that he has read the terms of this Confidential General Release, and that he understands its terms and effects, including the fact that he has agreed to RELEASE AND FOREVER DISCHARGE the Released Parties from any legally-waivable actions, including, but not limited to, any and all actions arising out of his employment relationship with any of the Released Parties and the termination of that employment relationship; (ii) that he has signed this Confidential General Release

2

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

voluntarily and knowingly in exchange for the consideration described in the Agreement, which he acknowledges is adequate and satisfactory to him; (iii) that he has consulted with Class Counsel (as defined in the Agreement) about this Confidential General Release; (iv) that Amazon has provided him with a reasonable amount of time to consider this Confidential General Release, and that he has signed on the date indicated below after concluding that this Confidential General Release is satisfactory to him; (v) that he has reported to Amazon any and all work-related injuries incurred by him during his employment with any of the Released Parties; and (vi) that he has been properly provided any leave of absence because of his health condition, a family member's health condition, or workplace injury and that he has not been subjected to any improper treatment, conduct, retaliation, or actions due to a request for or taking such leave.

      **3.**    **Confidentiality.** Subject to Section 5, Christeson agrees that he and his agents and representatives will keep the terms and/or existence of this Confidential General Release completely confidential and not disclose any information concerning this Confidential General Release to anyone, except as required by court order or subpoena, other than to his immediate family, tax advisor, or legal counsel, who will be informed of and bound by this confidentiality clause. If anyone asks Christeson about the status of his claims, he shall state only: "The matter has been resolved." If Christeson is notified of, or otherwise becomes aware of, any litigation, court order, or subpoena requiring or requesting disclosure of any information concerning this Confidential General Release, or its terms, Christeson agrees to notify Stefanie R. Moll at Morgan, Lewis & Bockius LLP, 1000 Louisiana St, Suite 4000, Houston, Texas 77002, in writing, within 48 hours after he is notified or becomes aware of such litigation, court order, or subpoena and before disclosing any information concerning this Confidential General Release, its terms, or his employment with Amazon. Provision of the notices to Collective Class Members as provided for by Confidential Settlement Agreement and Release to which this Confidential General Release is attached is not considered a breach of this provision. Christeson acknowledges and affirms that his agreement in this Section 3 is a material term of this Confidential General Release and should Amazon establish his breach hereof, Christeson must repay an amount equal to 10 percent of the Service Award for each breach of this Section 3. Notwithstanding Christeson's forfeiture of some or all of the Service Award as a result of his breach or breaches of this Section, the terms of this Confidential General Release shall remain in full force and effect.

      In relation to Christeson's obligations in this Section 3, notice is hereby provided that federal law provides criminal and civil immunity to federal and state claims for trade secret misappropriation to individuals who disclose a trade secret to their attorney, a court, or a government official under certain, confidential circumstances that are set forth at 18 U.S.C. §1833(b)(1) and §1833(b)(2), related to the reporting or investigation of a suspected violation of the law, or in connection with a lawsuit for retaliation for reporting a suspected violation of the law.

      **4.**    **Non-Disparagement.** Subject to Section 5, Christeson agrees to refrain from making any derogatory comment in any format, whether written or oral, to the press or any individual or entity regarding the Released Parties or the relationship between Christeson and the Released Parties.

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

5.    **Reports to Government Entities.**   Nothing in this Confidential General Release, however, prohibits or restricts Christeson from lawfully: (i) communicating or cooperating with, providing relevant information to or otherwise assisting in an investigation by the Equal Employment Opportunity Commission ("EEOC") or any other governmental authority with responsibility for the administration of fair employment practices laws regarding a possible violation of such laws; (ii) responding to any inquiry from such authority, including an inquiry about the existence of this Confidential General Release or its underlying facts; or (iii) testifying, participating, or otherwise assisting in an action or proceeding relating to a possible violation of any such law, rule, or regulation.   In addition, nothing in this Confidential General Release precludes Christeson from benefiting from class-wide injunctive relief awarded in any fair employment practices case brought by any governmental agency, provided such relief does not result in his receipt of any monetary benefit or equivalent thereof.   Christeson acknowledges and agrees that he is waiving any right to recover any monetary damages or any other form of personal relief in connection with any such action, investigation, or proceeding.

Further, nothing contained in this Confidential General Release is intended to prohibit or restrict Christeson or Amazon from disclosing this Confidential General Release or providing evidence or other information to any government, regulatory, or self-regulatory agency such as (without limitation) the Securities and Exchange Commission ("SEC"), the National Labor Relations Board ("NLRB"), the EEOC, the Department of Justice ("DOJ"), the Financial Industry Regulatory Authority, Inc. ("FINRA"), or the New York Stock Exchange, Inc. ("NYSE"), or from responding to any court order or subpoena.   Christeson does not need Amazon's prior authorization to provide evidence or other information to any government, regulatory, or self-regulatory agency, and Christeson is not required to notify Amazon that he has done so.   Further, Christeson may disclose the necessary terms of this Confidential General Release if necessary in any action to enforce this Confidential General Release.

Nothing contained in this Section 5 of this Confidential General Release is intended to obviate Christeson's obligation to provide notice to Amazon's counsel if he is notified of, or otherwise becomes aware of, any civil litigation requiring or requesting disclosure of any information concerning this Confidential General Release, or its terms, as set forth in Section 3.

6.    **Future Application/Future Employment.**   Christeson agrees that: (i) he will not knowingly apply for employment or reemployment with any of the Released Parties; (ii) he will not knowingly apply for or accept employment at any facility of any of the Released Parties as a temporary or contingent worker, or contractor through any temporary services providers, agencies, or as an independent contractor; (iii) if asked by a third-party employer, temporary services provider, vendor, or agency to perform work at a facility of any of the Released Parties, he is not permitted to perform such work and must refuse the assignment; and (iv) the Released Parties have no duty to rehire or reemploy Christeson in the future on a full-time, part-time, or temporary basis.

7.    **No Filing of Lawsuit or Other Claim.**      Other than as provided in Section 5, Christeson agrees, promises, and covenants that neither he, nor any person, organization, or other entity acting on his behalf, has or will file a lawsuit, charge, claim, sue, cause or permit to be filed, charged or claimed, or participate as a party in any action for damages against any of the

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

Released Parties involving any matter occurring in the past up to the date of the execution of this Confidential General Release or involving any claims, demands, causes of action, obligations, damages, or liabilities that are the subject of this Confidential General Release and that precede the date of execution of this Confidential General Release.

**8.** **No Admission of Wrongdoing.** This Confidential General Release shall not be construed as an admission by Amazon or its employees of any wrongful or unlawful act, including a violation of the Fair Labor Standards Act, unlawful discrimination or unlawful retaliation. Morover, Amazon specifically disclaims any liability to Christeson or any other person for any alleged wrongful or unlawful act.

Wyatt Christeson indicates his acceptance of the terms of this Confidential General Release by signing below:

_____

Date:_____

Amazon.com.ksdc, LLC indicates its acceptance of the terms of this Confidential General Release by signing below:

_____

Date:_____

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

# EXHIBIT 2

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

### If you are or were employed by Amazon
### in Kansas as an IT Support Engineer,
### a collective action settlement may affect your rights.

*A court authorized this notice. This is not a solicitation from a lawyer.*

**YOU HAVE UNTIL _____, 2018, TO RESPOND TO THIS NOTICE**

- Wyatt Christeson, an IT Support Engineer who was employed by Amazon.com.ksdc, LLC ("Amazon") in Kansas has sued Amazon.com.ksdc, LLC ("Amazon") alleging violations of the Fair Labor Standards Act ("FLSA") for failing to pay overtime compensation.

- The Court entered an order on _____, 2018, finding that IT Support Engineers employed by Amazon at its Kansas locations at any time from January 25, 2015, through March 31, 2018, are eligible to participate in a settlement reached by the Parties.

- Christeson and Amazon (collectively, the "Parties") have reached a settlement of these claims, and you may be eligible to receive money from that settlement. The Court has reviewed the settlement and approved its terms. Amazon denies any wrongdoing, and the Court has not decided whether it did anything wrong. Your legal rights are affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **JOIN THE SETTLEMENT** | **Join this lawsuit & receive money from the settlement. Give up right to sue separately.**<br><br>By joining in this lawsuit, you will be able to receive money from the settlement. But, you give up any rights to sue Amazon separately for any claims related to this lawsuit or for any wage payment claims regarding your employment with Amazon. |
| **DO NOTHING** | **Do nothing. Get no benefits from the lawsuit. Keep right to sue separately.**<br><br>If you do nothing, you will be excluded from the settlement. You will not receive any money from this settlement. But, you will keep any rights to sue Amazon separately. |

- **Your options are explained in this notice. To receive money from this lawsuit, you must act before _____, 2018.**

*Questions?  Call McCauley & Roach, LLC at (816) 523-1700*

2

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ........................................ PAGE <-->
1. Why did I get this notice?
2. What is this lawsuit about?
3. What is a collective action and who is involved?
4. What are the terms of the settlement?
5. What will I receive from the settlement if I join?
6. When will I receive money from the settlement if I join?

**THE CLAIMS IN THE LAWSUIT** ........................... PAGE <-->
7. What does the lawsuit complain about?
8. How does Amazon answer?
9. Has the Court decided who is right?
10. What did Christeson ask for?
11. Is there any money available now?

**WHO IS IN THE CLASS** ..................................... PAGE <-->
12. Which current and former employees are included?
13. Am I a part of this class?
14. I'm still not sure if I am included.

**YOUR RIGHTS AND OPTIONS** .............................. PAGE <-->
15. How do I participate in the Settlement?
16. What happens if I do nothing at all?
17. Can Amazon take action against me if I join?
18. Do I have to do anything once I join?

**THE LAWYERS REPRESENTING YOU** ................... PAGE <-->
19. Do I have a lawyer in this case?
20. Should I get my own lawyer?
21. How will the lawyers be paid?

**GETTING MORE INFORMATION** ......................... PAGE <-->
22. Are more details available?

*Questions?  Call McCauley & Roach, LLC at (816) 523-1700*

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

## BASIC INFORMATION

### 1. Why did I get this notice?

Amazon's records show that you worked for Amazon as an IT Support Engineer in Kansas during some or all of the time period between January 25, 2015, and March 31, 2018.

This notice informs you of the existence of a collective action lawsuit and explains that a settlement has been reached that may affect you. It also explains what you need to do to participate, or not participate, and how your rights may be affected.

On _____, 2018, the United States District Court for the District of Kansas, approved a settlement of the lawsuit and authorized the sending of this Notice to inform you of your rights to join this lawsuit.

### 2. What is this lawsuit about?

This lawsuit is about whether Amazon violated the FLSA by allegedly failing to pay overtime compensation to IT Support Engineers.

### 3. What is a collective action and who is involved?

In a collective action lawsuit, one or more people called "Class Representatives" (in this case, Christeson) sue on behalf of other people who may have similar claims. The people together are a "Class" or "Class Members." The individual who sued – and all the Class Members who join the lawsuit – are called the Plaintiffs. The companies they sued (in this case, Amazon) are called the Defendants. One court resolves the issues for everyone in the Class who chooses to join the lawsuit.

*Questions?  Call McCauley & Roach, LLC at (816) 523-1700*

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

## 4. What are the terms of the settlement?

The core terms of the settlement agreement regarding payment to participating Class Members are summarized below:

> Amazon agrees to fund a Maximum Settlement Amount, including attorney fees and costs, for IT Support Engineers who worked for Amazon in Kansas during the covered time period in the amount of $61,636. This amount will be distributed as follows:

> a. Each Class Member who timely submits the paperwork required to participate in the settlement shall receive $250 plus $195.095 for each instance that class member recorded, for any Sunday through Saturday work-period, between January 25, 2015, and March 31, 2018, within twelve minutes of forty, forty-nine, or fifty-five works hours in a week.

> b. Each Class Member agrees not to publicize in any manner information about this case or this settlement through any means of disclosure, electronic or otherwise. For example, each Class Member agrees not to initiate, reveal, or publish any information about this lawsuit via print, newspaper, television, radio, website, blog, social media, press release, press conference, press event, or response to a press inquiry. If confronted with an unsolicited direct inquiry by the media, the Class Member is permitted to respond that he or she believes the settlement is a fair resolution of the matter.

> c. One-half of the payment to each Class Member shall be deemed payment for alleged unpaid wages, subject to appropriate payroll withholdings, and reported on an IRS Form W-2. One-half of the payment shall be deemed payment for alleged liquidated damages pursuant to the FLSA, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099.

> d. As payment for attorney fees and costs, Class Counsel shall receive up to $37,467.62.

> e. As payment for his service as the Class Representative in this collective action lawsuit, Christeson shall receive up to $5,000.

## 5. What will I receive from the settlement if I join?

If you choose to join in this settlement, you will receive a share of the settlement as described above. The amount you receive will depend on the number of weeks you recorded approximately 40, 49, or 55 work hours during the covered time period.

*Questions?  Call McCauley & Roach, LLC at (816) 523-1700*

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

## THE CLAIMS IN THE LAWSUIT

**6. When will I receive money from the settlement if I join?**

The settlement provides that payment to the Class Members who choose to participate in this settlement will be made no later than 30 days after the latest deadline for Class Members to participate in the settlement and join the lawsuit has passed.

**7. What does the lawsuit complain about?**

In this lawsuit, Christeson says that Amazon violated the FLSA by failing to pay overtime compensation due to IT Support Engineers employed in Kansas.

**8. How does Amazon answer?**

Although Amazon has now agreed to resolve these claims, it denies that it did anything wrong, that it failed to pay you or any other Class Members overtime compensation, or that it violated the FLSA in any way.

**9. Has the Court decided who is right?**

No. Although the Court has approved the Settlement Agreement entered into by the Parties, the Court has not decided whether Christeson or Amazon is correct. By certifying this Class and ordering the issuance of this Notice, the Court is not suggesting that Christeson would otherwise win or lose this case.

**10. What did the Plaintiff ask for?**

Christeson sought all unpaid wages, liquidated damages, and attorney fees and costs for the IT Support Engineers.

**11. Is there any money available now?**

Yes. As described in Paragraphs 4-6 above, the Court has approved a settlement agreement entered into by the Parties and, if you choose to join the lawsuit, you will receive compensation as indicated above.

*Questions? Call McCauley & Roach, LLC at (816) 523-1700*

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

## WHO IS IN THE CLASS

**12. Which current and former employees are included?**

On _____, 2018, the Court entered an order certifying, for the purpose of allowing the Parties to carry out their settlement agreement, a class of individuals who were employed by Amazon in Kansas as IT Support Engineers at any time from January 25, 2015, through March 31, 2018.

**13. Am I a part of this class?**

Amazon's records indicate you are likely a member of this Class.

**14. I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get free help by calling or writing to Christeson's lawyers in this case at the phone number or address listed in Question 22.

## YOUR RIGHTS AND OPTIONS

**15. How do I participate in the settlement?**

To participate in this lawsuit and in the settlement, you must fill out the enclosed Consent to Join the Settlement and IRS Form W-9 and mail them in the enclosed self-addressed stamped envelope to McCauley & Roach, LLC, 527 W 39TH ST, STE 200, Kansas City, MO 64111. It is entirely your own decision whether or not to join this lawsuit and participate in the settlement.

**To join in this lawsuit, you must return the required documents postmarked on or before _____, 2018.**

If you do not join the lawsuit, you will not be allowed to participate in the settlement reached by the Parties and approved by the Court, but you will retain your right to sue separately.

If you decide to join this lawsuit and participate in the settlement, you will be bound by the settlement and you will give up any right to sue Amazon separately based on any wage payment issues related to your employment with Amazon.

*Questions?  Call McCauley & Roach, LLC at (816) 523-1700*

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

## 16. What happens if I do nothing at all?

If you do nothing, you will not participate in the lawsuit and you will not be eligible to receive money in accordance with the settlement agreement. You will not be bound by the settlement in this lawsuit.

If you do nothing, you will also retain the right to sue Amazon separately in your own lawsuit. If you choose to pursue your own lawsuit, you should consider talking to a lawyer (at your expense) soon, because there are time limits for filing claims.

## 17. Can Amazon take action against me if I join?

Amazon cannot take any action against you because you choose to join this lawsuit. Any such action would be unlawful retaliation.

## 18. Do I have to do anything once I join?

After you have signed and returned the Consent to Join the Settlement and Form W-9 as indicated in paragraph 15 above, your payment will be mailed to the most current address that McCauley & Roach, LLC has on file – which is also the address to which this notice was mailed. If your address changes before payment is received, you will need to notify McCauley & Roach, LLC, identified in Paragraph 22 below, and inform it of the change.

Additionally, as described in Paragraph 4 above, by joining you agree and promise not to publicize in any manner information about this case or this settlement through any means of disclosure, electronic or otherwise. For example, you agree not to initiate, reveal, or publish any information about this lawsuit via print, newspaper, television, radio, website, blog, social media, press release, press conference, press event, or response to a press inquiry. If confronted with an unsolicited direct inquiry by the media, you are permitted to respond that you believe the settlement is a fair resolution of the matter.

## THE LAWYERS REPRESENTING YOU

## 19. Do I have a lawyer in this case?

The law firm of McCauley & Roach, LLC is representing Christeson and will represent any class member who joins the lawsuit and participates in the settlement. More information about the law firm, its practices and the lawyers' experience is available at www.mccauleyroach.com.

*Questions?  Call McCauley & Roach, LLC at (816) 523-1700*

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

20. Should I get my own lawyer?

You do not need to hire your own lawyer because McCauley & Roach, LLC is working on your behalf.  You may hire your own lawyer if you wish, but you will have to pay that lawyer.

21. How will the lawyers be paid?

As part of the settlement reached by the Parties and approved by the Court, Amazon will pay Christeson's lawyers' fees and expenses as a portion of the settlement, as described in paragraph 4 above.  You won't have to pay any of these fees and expenses separately.

## GETTING MORE INFORMATION

22. Are more details available?

If you have further questions about your options or would like more information, you may also contact Christeson's attorney at:

Michael T. Miller (mike@mccauleyroach.com)
Morgan L. Roach (morgan@mccauleyroach.com)
MCCAULEY & ROACH, LLC
527 W. 39th St., Suite 200
Kansas City, MO 64111
Telephone:  (816) 523-1700

*Questions?  Call McCauley & Roach, LLC at (816) 523-1700*

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

# EXHIBIT 3

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| WYATT CHRISTESON, individually and<br>on behalf of a class of similar employees,<br><br>      Plaintiff,<br><br>v.<br><br>AMAZON.COM.KSDC, LLC,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. 2:18-cv-02043<br>)<br>)<br>)<br>) |

## CONSENT TO JOIN THE SETTLEMENT

My name is _____. I worked as an IT Support Engineer for Amazon in Kansas. By my signature below, I hereby authorize the filing of this Consent to Join the Settlement in this matter to become a Party Plaintiff to this lawsuit. I authorize the representative plaintiff, Wyatt Christeson, and designate him as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with his counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Signature:                                    Date:

_____            _____

Printed Name:                                 Address:

_____            _____

Phone Number:                                 City, State, Zip:

_____            _____

Personal Email:

_____

**Return to:**
**McCauley & Roach, LLC**
**527 W 39TH ST. STE 200**
**Kansas City, MO 64111**

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

# EXHIBIT 4

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

Subject: NOTICE OF UNPAID WAGE LAWSUIT AGAINST AMAZON
To: <------------------------->
From: mike@mccauleyroach.com
Attachments: Notice and Consent

Dear Current or Former Employee of Amazon.com.ksdc, LLC ("Amazon"):

This is an important legal notice regarding a collective action lawsuit filed against Amazon by IT
Support Engineers employed by Amazon in Kanas seeking alleged unpaid overtime wages.
Please see the attached Notice and Consent to Join the Settlement for more information.

The attached documents are also being sent to your last known mailing address by U.S.
mail by McCauley & Roach, LLC.

If you would like to join the lawsuit, the completed forms must be received by McCauley &
Roach, LLC within 60 days at:

McCauley & Roach, LLC
527 W 39TH ST, STE 200
Kansas City, MO 64111

If you have any questions about this Notice or the Lawsuit, please contact Class Counsel, Mike
Miller, via email at mike@mccauleyroach.com or telephone at (816) 523-1700.

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

# EXHIBIT 5

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

Amazon Wage and Hour Litigation

McCauley & Roach, LLC
527 W 39TH ST, STE 200
Kansas City, MO 64111

In Re:  Wyatt Christeson v. AMAZON.COM.KSDC, LLC
        U.S. D.Kan. Case No. 2:18-cv-02043
        Fair Labor Standards Act (FLSA)

DocuSign Envelope ID: 8E267FCD-F757-4D72-93E1-ED9822C80097

Date: _____

In Re:  Wyatt Christeson v. AMAZON.COM.KSDC, LLC
        U.S. D.Kan., Case No. 2:18-cv-02043
        Fair Labor Standards Act (FLSA)


Dear Current or Former IT Support Engineer of Amazon.com.ksdc, LLC ("Amazon"):

Approximately thirty (30) days ago, you should have received a Notice and explanation of your legal rights pursuant to a settlement in a collective action lawsuit filed against Amazon by IT Support Engineers. Our records indicate that we have not received a Consent to Joint the Settlement from you.

**This is a reminder that if you choose to join this collective active lawsuit, your Consent to Join the Settlement form must be received on or before _____.**

If you did not receive a Notice or a Consent to Join the Settlement form or you misplaced them, you may contact Class Counsel to request replacements at:


        McCauley & Roach, LLC
        527 W 39TH ST, STE 200
        Kansas City, MO 64111
        Telephone: (816) 523-1700
        Email: mike@mccauleyroach.com