IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WYATT CHRISTESON, individually and on behalf of a class of similarly situated employees, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | No. 18-2043-KHV |
| AMAZON.COM.KSDC, LLC, | ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM AND ORDER

Wyatt Christeson brings suit against Amazon.com.ksdc, LLC on behalf of himself and others similarly situated, alleging that defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. This matter is before the Court on <u>Plaintiff's Unopposed Motion For Conditional Certification Of Proposed Settlement Class And Preliminary Approval Of the Parties' Settlement Agreement And Release And Notice To Settlement Class Members</u> (Doc. #40) filed April 30, 2019. For reasons stated below, the Court sustains the motion in small part.

## I. Factual And Procedural Background

### A. Lawsuit And Claims

Defendant operates fulfillment centers for the online retailer Amazon.com. From January 25, 2015 to March 31, 2018, defendant employed eight IT Support Engineers, including plaintiff. Defendant pays its IT Support Engineers an hourly rate, plus time and one-half for each hour worked over 40 hours in a workweek.

On January 25, 2018, plaintiff filed a putative FLSA collective action on behalf of himself and all similarly situated employees who regularly worked more than 40 hours per week and did

not receive compensation for overtime hours. See Complaint (Doc. #1) filed January 25, 2018 at 1. Plaintiff asserts that defendant advises its IT Support Engineers the maximum number of hours they are permitted to record for each week – 40, 49 or 55 hours – and that they are not permitted to record additional hours, regardless whether their job duties require additional hours. He asserts that when an IT Support Engineer records more than the maximum hours, a supervisor instructs the engineer to revise his or her timesheet to reflect the permitted maximum. Plaintiff further asserts that the engineer is not paid for such overtime work.

Defendant disputes plaintiff's claims and asserts that IT Support Engineers are responsible for accurately recording their time and that defendant prohibits them from performing off-the-clock work. Defendant asserts that its records establish that it never failed to compensate plaintiff or any other IT Support Engineer for compensable work, and that plaintiff never performed unrecorded work. Alternatively, defendant asserts that any FLSA violation was not willful.

**B. First Motion For Settlement Approval**

On August 6, 2018, the parties informed the Court that they had reached a settlement agreement. See Joint Notice Of Settlement (Doc. #20). On November 9, 2018, the parties reduced their agreement to writing. See Third Joint Status Report (Doc. #27). On December 10, 2018, they filed motions for approval of the settlement agreement, attorney's fees and costs and service award. See Joint Motion To Approve Settlement Agreement And Release (Doc. #29); Plaintiff's Unopposed Motion To Approve Fees, Costs, And Expenses (Doc. #31); Plaintiff's Unopposed Motion To Approve Service Award (Doc. #33).

On January 29, 2019, the Court overruled all three motions because the parties had failed to seek conditional certification of the proposed class and preliminary settlement approval before asking for final certification and settlement approval. Memorandum And Order (Doc. #35) at 9.

The Court explained the proper procedure for an FLSA settlement and, in anticipation of a renewed motion, identified several defects with the proposed settlement. Among other things, the Court stated that any renewed motion for settlement approval should (1) narrow overly-broad releases; (2) remove confidentiality provisions; (3) remove a non-disparagement clause; and (4) remove a prohibition on plaintiff's future employment with defendants. Id. at 12-15. In addition, the Court noted its concern about settlement agreements in which defendants agree not to object to or oppose a fee request. Id. at 16. The Court further noted that if low plaintiff participation caused a large portion of the maximum fund to revert to defendant, it would affect the Court's assessment of the reasonableness of the requested attorney's fees and service award. Id. at 16-17.

**C. Motion For Conditional Certification, Notice Approval And Preliminary Settlement Approval**

On April 30, 2019, plaintiff filed an unopposed motion for conditional certification of the proposed class, preliminary approval of the amended settlement agreement and release, and approval of the proposed notice to class members. Motion For Conditional Certification (Doc. #40) at 1-2.

Plaintiff asks the Court to conditionally certify a collective action consisting of "[plaintiff] and seven other IT Support Engineers who worked for [defendant] at any time between January 25, 2015, and March 31, 2018 (the 'Settlement Class Members')." Id. at 1. Under the amended settlement agreement, defendant agrees to pay each Settlement Class Member who opts in ("Participating Plaintiff") $250.00 plus approximately $195.00 for each instance in which the Participating Plaintiff recorded 40, 49 or 55 hours in a workweek. This entitles each Participating Plaintiff to between $250.00 and $3,762.00, depending on his or her timesheets. If all seven IT Support Engineers opt in and become Participating Plaintiffs, defendant will pay up to $61,636.00,

which includes plaintiff's request for up to $35,000.00 in attorney's fees, up to $2,467.62 in costs and up to a $5,000.00 service award to plaintiff. After it issues settlement payments, defendant will retain any unclaimed funds, subject to the following proviso: "If the Court determines that this provision is not proper due to a low participation rate among the Settlement Class Members or for any other reason, [defendant] agrees that it will redistribute any unclaimed funds from the Net Settlement Amount on a pro-rata basis to the Participating Plaintiffs." Amended Settlement Agreement at 8, Exhibit 1 To Motion For Conditional Certification (Doc. #40). Class Counsel will seek approval of the cost and fee award and service award when he or she requests final approval of the amended settlement agreement and dismissal of the lawsuit.

In addition, Participating Plaintiffs agree to release the following claims (the "Participating Plaintiffs' Released Claims") against the "Released Parties":

> [A]ny and all state, local, or federal claims, obligations, demands, actions, rights, causes of action, and liabilities, whether known or unknown, against any of the Released Parties for alleged unpaid overtime wages, straight time pay, late pay, minimum wages, miscalculation of bonus payments, misclassification, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, attorneys' fees, punitive damages, treble damages, restitution and equitable relief, interest, litigation costs, restitution, or other compensation and relief, arising under the FLSA or any other federal, state, or local law, statute, rule, ordinance, regulation, constitution, court-created/common law, and/or agreement with respect to allegedly unpaid wages during the time that the Collective Class Members were employed by any of the Released Parties.

Id. at 4. "Released Parties" include "Amazon, and all of its past, present, and future parents, subsidiaries, affiliates, successors, divisions, suppliers, contractors, sub-contractors, predecessors, assigns, holding companies, and joint venturers, and each of its respective past or present directors, officers, employees, partners, members, managers, shareholders, attorneys, and personal or legal representatives, in their individual and corporate capacities." Id. The amended settlement agreement further provides that "Upon Final Court Approval, each of the Participating Plaintiffs,

on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all of the Participating Plaintiffs' Released Claims." Id. at 8.

As to confidentiality, the amended settlement agreement provides as follows:

> If for any reason the Final Approval Date does not occur or this Agreement is lawfully terminated, Amazon retains the absolute right to dispute the propriety of collective action certification on all applicable grounds, shall maintain all of its defenses, and this Agreement and the negotiations leading up to it will be inadmissible and kept confidential by Class Counsel and the Settlement Class Members to the maximum extent permissible by law.

Id. at 7. Defendant agrees to maintain a "Confidential Class List" which contains the personal information of plaintiff and the Settlement Class Members and Class Counsel agrees to obtain defendant's prior written consent before any disclosure of such information. Id. at 2, 7. The amended settlement agreement does not contain a Confidential General Release, non-disparagement clause or prohibition on plaintiff's future employment.

**II.    Analysis**

**A. FLSA Collective Action Conditional Certification**

The FLSA provides that an employee may bring a collective action on behalf of other employees who are "similarly situated." 29 U.S.C. § 216(b). A lawsuit brought under the FLSA does not become a "collective" action unless other plaintiffs opt in by giving written consent. Shepheard v. Aramark Uniform & Career Apparel, LLC, No. 15-7823-DDC-GEB, 2016 WL 5817074, at *1 (D. Kan. Oct. 5, 2016) (citations omitted). The Tenth Circuit has approved a two-step approach to determining whether plaintiffs are "similarly situated" for purposes of Section 216(b). Thiessen v. GE Capital Corp., 267 F.3d 1095, 1105 (10th Cir. 2001). Under this approach, the Court typically makes an initial "notice stage" determination whether plaintiffs are

"similarly situated." Id. at 1102. That is, the Court makes a conditional determination whether a collective action should be certified for purposes of sending notice of the action to potential class members. See Brown v. Money Tree Mortg., Inc., 222 F.R.D. 676, 679 (D. Kan. Aug. 23, 2004). For conditional certification at the notice stage, the Court requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." Thiessen, 267 F.3d at 1102 (quotations and citations omitted). The standard for certification at the notice stage is a lenient one that typically results in class certification. See Brown, 222 F.R.D. at 679.

Here, plaintiff asserts that the potential class members are IT Support Engineers whom defendant informed of the maximum hours they could record for each week – 40, 49 or 55 hours – regardless of whether their job duties required them to exceed such maximum. He asserts that on multiple occasions, supervisors required the IT Support Engineers to adjust their timesheets to reflect only the maximum hours defendant permitted, and that they were not paid for overtime work. Generally, where a defendant employs putative class members in similar positions, the allegation that defendant engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together victims of a single decision, policy or plan. Thiessen, 267 F.3d at 1102 (nothing more than substantial allegations required at notice stage of certification); Baldozier v. Am. Family Mutual Insur. Co., 375 F. Supp. 2d 1089, 1093 (D. Colo. 2005) (considering allegations and declarations at notice stage); Brown, 222 F.R.D. at 680-81 (considering allegations and affidavits at notice stage); Williams v. Sprint/United Mgmt. Co., 222 F.R.D. 483, 485 (D. Kan. 2004) (at notice stage, court analyzes certification under lenient standard looking to substantial allegations and plaintiff's affidavits). The allegations of the complaint suggest that plaintiff and potential class members are IT Support Engineers whom defendant

(1) employed at any time between January 25, 2015 and March 31, 2018; (2) required to adjust their timesheets to match the maximum permitted hours; and (3) did not compensate for overtime work. Plaintiff has satisfied the low threshold required to demonstrate at the notice stage that all putative class members are similarly situated for purposes of conditional collective action certification under Section 216(b). Accordingly, the Court conditionally certifies a collective action consisting of "Christeson and seven other IT Support Engineers who worked for Amazon at any time between January 25, 2015 and March 31, 2018."

### B. Proposed Notice

Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter plaintiff's proposed notice unless such alteration is necessary. Creten-Miller v. Westlake Hardware, Inc., No. 08-2351-KHV, 2009 WL 2058734, at *2 (D. Kan. July 15, 2009). Here, the proposed notice briefly describes the settlement, instructs potential plaintiffs on how to opt in, explains that the FLSA prohibits retaliation for participating in the settlement, and describes the effects of joining the settlement. See, e.g., Landry v. Swire Oilfield Servs., L.L.C., 252 F. Supp. 3d 1079, 1127 (D.N.M. 2017). But as discussed below, the Court cannot preliminarily approve the amended settlement agreement. Accordingly, review of the proposed notice is premature.

### C. FLSA Collective Action Preliminary Settlement Approval

When employees sue their employer to recover overtime compensation under the FLSA, the parties must present any proposed settlement to the Court for review and a determination whether the settlement is fair and reasonable. Gambrell v. Weber Carpet, Inc., No. 10-2131-KHV, 2012 WL 162403, at *2 (D. Kan. Jan. 19, 2012) (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982)). To approve an FLSA settlement, the Court must

find that (1) the litigation involves a bona fide dispute; (2) the proposed settlement is fair and equitable to all parties concerned; and (3) the proposed settlement contains an award of reasonable attorney's fees. McCaffrey v. Mortgage Sources, Corp., No. 08-2660-KHV, 2011 WL 32436, at *2 (D. Kan. Jan. 5, 2011). Further, when a plaintiff has voluntarily assumed the fiduciary role of class representative, the Court must determine "whether the settling plaintiff has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members." Id. (quoting Shelton v. Pargo, Inc., 582 F.2d 1298, 1314 (4th Cir. 1978)); see Gambrell v. Weber Carpet, Inc., No. 10-2131-KHV, 2013 WL 1659591, at *1 (D. Kan. Apr. 17, 2013). If the settlement reflects a reasonable compromise of issues actually in dispute, the Court may approve the settlement to promote the policy of encouraging settlement of litigation. Gambrell, 2013 WL 1659591, at *3 (citing Lynn's Food Stores, 679 F.2d at 1354).

### 1. Bona Fide Dispute

Initially, the parties did not follow the Tenth Circuit's two-step procedure for obtaining collective action certification. In anticipation of a renewed motion for settlement approval, however, the Court reviewed the parties' initial proposed settlement agreement and found that this litigation involves a bona fide dispute. Memorandum And Order (Doc. #35) at 11. That conclusion still stands.

### 2. Fair And Equitable

The Court found that the proposed settlement agreement was not fair and equitable in light of the history and policy of the FLSA. Memorandum And Order (Doc. #35) at 12. Specifically, among other things, the Court advised the parties that the proposed settlement agreement contained overly-broad releases, inappropriate confidentiality requirements, an unenforceable non-disparagement clause and an impermissible prohibition on plaintiff's future employment.

Plaintiff's motion for conditional certification does not specifically mention a single one of the deficiencies which the Court highlighted in its prior order, or explain how the parties claim to have rectified them.

The Court will not re-write the parties' agreement, and it will not go hunting like a pig, searching for truffles, inventing arguments to satisfy its concerns. See United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991). The Court again notes, however, that the proposed release goes well beyond the claims alleged in the complaint. See, e.g., Stokes v. Interline Brands, Inc., No. 12-CV-05527-JD, 2014 WL 5826335, at *4 (N.D. Cal. Nov. 10, 2014) ("While a release need not slavishly echo the claims in the complaint, it must appropriately track and not exceed them."); Robinson v. Flowers Baking Co. of Lenexa, LLC, No. 16-2669-JWL, 2017 WL 4037720, at *2 (D. Kan. Sept. 13, 2017). The proposed release is egregiously overbroad, given the limited scope of the substantive claims in this lawsuit. Also, while plaintiff has named Amazon.com.ksdc, LLC as the sole defendant in this action, the proposed release requires Participating Plaintiffs to release any wage claims under any law against numerous parties that are not named in this action, including Amazon's shareholders, attorneys, and personal or legal representatives, in their individual and corporate capacities. The scope of the proposed release is nothing short of laughable, and the Court cannot approve it.[1]

---

[1] The amended settlement agreement also proposes a service award which is disproportionately generous, given the modest allotments to members of the collective action; contemplates wasteful ancillary litigation over what constitutes a "low participation rate" for purposes of redistribution of unclaimed funds; and proposes to keep confidential information about the settlement process which is already part of the public record. The parties face an uphill battle in justifying these provisions, which the Court does not further address at this juncture.

### 3. Attorney's Fees, Costs And Service Award

The FLSA also requires that a settlement agreement include an award of "a reasonable attorney's fee . . . . and costs of the action." 29 U.S.C. § 216(b); Gambrell, 2013 WL 1659591, at *1. Though the Court has discretion to determine the amount and reasonableness of the fee, the FLSA fee award is mandatory. Gambrell, 2013 WL 1659591, at *1 (citing Wright v. U-Let-Us Skycap Serv., Inc., 648 F. Supp. 1216, 1218 (D. Colo. 1986)). In the instant motion, the parties state that Class Counsel will seek approval of the attorneys' fees and service award when he or she files for final settlement approval.

In its order of January 29, 2019, the Court found that because the parties' motion was procedurally deficient, the proposal for attorney's fees and costs and the service award was premature. The Court nevertheless warned that it critically views settlement agreements in which defendants agree not to object to or oppose a fee request. The Court further noted that if low plaintiff participation caused a large portion of the maximum fund to revert to defendant, it would affect the Court's assessment of the reasonableness of the requested attorney's fees and service award.[2] The Court reiterates these words of caution and adds one last word. In the amended settlement agreement, Class Counsel requests up to $35,000.00 in attorney's fees, up to $2,467.62 in costs and up to $5,000.00 for a service award to plaintiff. Even if defendant distributes all funds to Participating Plaintiffs, fees, expenses and service awards constitute 222 per cent of the amount which Participating Plaintiffs will collectively receive. If the parties seek further approval of a

---

[2] In the amended settlement agreement, after defendant issues settlement payments, it will retain any unclaimed funds unless the Court determines that such reversion of funds is improper. In that case, defendant agrees that it will redistribute any unclaimed funds from the Net Settlement Amount on a pro-rata basis to the Participating Plaintiffs. See Amended Settlement Agreement at 8, Exhibit 1 To Motion For Conditional Certification (Doc. #40). Given that some members of this collective action will receive awards as low as $250.00, is litigation on the subject of redistribution really worth it?

settlement, they must cite specific cases which authorize costs and fee awards in that order of magnitude. The Court is skeptical of such high fee requests, especially where they are not subject to testing through the adversarial process.

**III.   Conclusion**

In sum, the Court conditionally certifies a collective action comprised of Christeson and seven other IT Support Engineers whom defendant employed at any time between January 25, 2015 and March 31, 2018. The Court otherwise overrules plaintiff's motion.

**IT IS THEREFORE ORDERED** that <u>Plaintiff's Unopposed Motion For Conditional Certification Of Proposed Settlement Class And Preliminary Approval Of the Parties' Settlement Agreement And Release And Notice To Settlement Class Members</u> (Doc. #40) filed April 30, 2019 is **SUSTAINED in part**. Pursuant to 29 U.S.C. § 216(b), the Court conditionally certifies a class comprised of Wyatt Christeson and seven other IT Support Engineers who worked for Amazon.com.ksdc, LLC at any time between January 25, 2015 and March 31, 2018. In addition, the Court approves Wyatt Christeson as class representative.

**IT IS FURTHER ORDERED** that this case remain set for trial on September 16, 2019.

Dated this 16th day of May, 2019 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge