**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| WYATT CHRISTESON, individually and on behalf of a class of similar employees,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM.KSDC, LLC,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§   Civ. Action No. 2:18-cv-02043-KHV-JPO<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFFS' RENEWED UNOPPOSED MOTION FOR
APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND RELEASE
AND NOTICE TO CLASS MEMBERS**

COMES NOW Plaintiff Wyatt Christeson, individually and on behalf of a class, and submits this Renewed Unopposed Motion for Approval of Parties' Settlement Agreement and Release and Notice to Class Members. For the following reasons, Plaintiff respectfully requests the Court to grant this motion.

**I.     Factual Background**

Defendant operates fulfillment centers for the online retailer Amazon.com in and around Kansas City, Kansas and employs IT Support Engineers at these centers. Defendant pays its IT Support Engineers an hourly rate plus time and one-half for all hours worked over 40 in a workweek. The IT Support Engineers' duties revolve around maintaining and installing computer hardware and software and assisting in the build out of new facilities. From January 25, 2015 to March 31, 2018, Defendant has employed eight IT Support Engineers, including Plaintiff. Defendant employed Plaintiff as an IT Support Engineer from approximately April of 2017 to November of 2017.

-2-

### A.      Plaintiff's Allegations

Plaintiff asserts that Defendant periodically informs its IT Support Engineers of the maximum number of work hours they are permitted to record for each week -- forty, forty-nine, or fifty-five hours -- despite their job duties requiring them often to work in excess of the maximum hours they are permitted to record.  Plaintiff asserts that when an IT Support Engineer records more than the maximum hours he or she is permitted to record, a supervisor instructs the employee to revise his or her timesheet to reflect only the maximum hours that employee is permitted to record for that week, and that employee is not paid for such overtime work over the maximum recordable hours.  Plaintiff asserts the alleged multiple instances of weeks where the IT Support Engineers recorded approximately forty, forty-nine, or fifty-five hours demonstrates a pattern and evidences Defendant's policy and practice.

### B.      Defendant's Responses to Plaintiff's Allegations and Defendant's Defenses

Defendant denies Plaintiff's allegations and further asserts that, pursuant to its policies, IT Support Engineers were responsible for accurately recording their hours worked and were expressly prohibited from performing any work off the clock.  Defendant further asserts that no records establish that either Plaintiff or any other IT Support Engineers were not paid for compensable time.  Further, security badge-in logs for each of the IT Support Engineers, when compared to their timesheet entries, demonstrate that the IT Support Engineers were paid for all of the time that they worked.  Thus, Defendant maintains that the IT Support Engineers never performed any uncompensated work.  Defendant also argues that if the IT Support Engineers did work any unrecorded overtime, such time was not compensable or was de minimis.  Moreover, Defendant argues that Plaintiff will have a difficult time proving his case at trial as Plaintiff's case necessarily relies on the memory of individuals whose testimony will be contrary to Defendant's

unassailable log-in and security records.  Finally, Defendant argues, in the alternative, that it did not willfully violate the Fair Labor Standards Act ("FLSA"), which could affect the applicable statute of limitations and thereby reduce any potential back wages found to be owed.

### C. The Proposed Settlement

Even though the Parties disputed liability, they initiated good faith settlement discussions. As part of this process, the Parties independently and thoroughly investigated the claims and defenses at issue, which allowed the Parties to intelligently, and in good faith, weigh both the risks and benefits of continued litigation.  After months of negotiation, the Parties reached a comprehensive resolution of this dispute.  Thereafter, the Parties negotiated the specific terms of their agreement, the terms of which the Parties memorialized in a settlement agreement they previously submitted to the Court for approval on two occasions, which are discussed more fully below. (Docs. 29 and 40).

### D. The Prior Attempts at Settlement Approval

On December 10, 2018, Plaintiff filed the following with the Court: (1) Plaintiff Wyatt Christeson and Defendant Amazon.com.ksdc, LLC's Joint Motion to Approve Settlement Agreement and Release; (2) Plaintiff's Unopposed Motion to Approve Fees, Costs, and Expenses; and (3) Plaintiff's Unopposed Motion to Approve Service Award.  (Docs. 29, 31, 33).  On January 29, 2019, the Court denied all three motions. (Doc. 35).

Plaintiff next filed an Unopposed Motion for Conditional Certification of Proposed Settlement Class and Preliminary Approval of The Parties' Settlement Agreement and Release and Notice to Settlement Class Members on April 30, 2019.  (Doc. 40).  The Court preliminarily certified the proposed class, but denied this motion in all other respects.  (Doc. 43).  In sum, the

Court expressed continued concerns about certain provisions of the Settlement Agreement and the fees, costs, and service award anticipated to be sought by Plaintiff and counsel.

**II.    Motion For Preliminary Approval of the Proposed Settlement Agreement and Release and Proposed Notice to Class Members**

   **A.    Terms of the Settlement**

Defendant has agreed to pay each of the <u>Settlement Class Members</u>[1] who becomes a <u>Participating Plaintiff</u> $250 to cover any de minimis time worked, plus approximately $394 for each instance that the <u>Participating Plaintiff</u> recorded approximately forty, forty-nine, of fifty-five hours in a workweek.  This amount provides each <u>Participating Plaintiff</u> with approximately eleven hours of pay, at the approximate overtime rate of $37 per hour, for each week that the <u>Participating Plaintiff</u> recorded approximately forty, forty-nine, or fifty-five hours in a week.  The number of times that each <u>Participating Plaintiff</u> recorded approximately forty, forty-nine, of fifty-five hours in a week varies from zero times to eighteen times.  Thus, each <u>Participating Plaintiff</u>, based upon his timesheets, will be entitled to between $250 and $7,341.21 with the <u>Participating Plaintiffs</u> recovering an average of approximately $4,580.

Plaintiff plans on requesting attorney's fees in an amount up to $20,000 and expenses in an amount up to $2,467.62 (the <u>Cost and Fee Award</u>).  Defendant reserves the right to object to the proposed <u>Cost and Fee Award</u> to subject the award to testing through the adversarial process. Lastly, Defendant has agreed to pay Plaintiff an amount up to $2,500 as a <u>Service Award</u> for his time and efforts in prosecuting the case and negotiating the Settlement Agreement.  <u>Class Counsel</u> will seek approval of the <u>Cost and Fee Award</u> and the <u>Service Award</u> when it requests final approval of the Settlement Agreement and dismissal of the <u>Lawsuit</u>.  Defendant has agreed to pay

---

[1]    All underlined terms in this Unopposed Motion are fully defined in Exhibit A.

an amount not to exceed $61,636.00, the Maximum Settlement Amount, with unclaimed amounts being redistributed to the Participating Plaintiffs.

### B.     Applicable Legal Standard

A settlement of claims asserted through the FLSA must be presented to the district court for review and determination of whether the settlement is fair and reasonable. *McFeeters v. Brand Plumbing, Inc.*, No. 16-1122-EFM-KGS, 2017 WL 6451104, at *2 (D. Kan. Dec. 18, 2017). To approve a settlement compromising FLSA claims, the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and reasonable. *Id.* The FLSA also permits the plaintiff to recover reasonable attorney's fees and costs, which the Court must also approve. *Id.*

Here, the Court has twice concluded that the dispute is bona fide. Doc. 43 at 8; Doc. 35 at 11. Thus, Plaintiff moves to the next step to prove that the Settlement Agreement is a "reasonable compromise of issues actually in dispute" and should be approved by this Court "to promote the policy of encouraging settlement of litigation." Doc. 35 at 11.

#### 1.     The Agreement is Fair and Equitable

"To determine whether a proposed settlement under Section 216(b) is fair and equitable to all Parties, courts have regularly applied the same fairness factors as apply to a proposed class action settlement under Rule 23(e), Fed. R. Civ. P., which include: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the Parties that the settlement is fair and reasonable." *Grove*, 2012 WL 1789100 at *5.

The Court has previously concluded that consideration of these four factors weighs in favor of approval. Doc. 35 at 11-12. Plaintiff assumes this finding remains valid and proceeds directly to the Court's prior concerns with specific terms of the Settlement Agreement. Docs. 35, 43. To that end, the parties have made the following alterations to their Settlement Agreement based upon guidance provided by the Court:

- Overly-broad Settlement Agreement in terms of claims released: Participating Plaintiffs now release only "any and all claims arising under the FLSA against Amazon.[2]" (*See* Exhibit A at II.q.). That is, the Settlement Agreement no longer releases state or local wage and hour laws, ordinances, or any other claims beyond the FLSA claim specifically pled by Plaintiff in his Complaint. Doc. 1. Further, the Parties removed Plaintiff's Confidential General Release from the Settlement Agreement as the Court previously suggested. Doc. 35 at 12–13.

- Overly Broad Settlement Agreement in terms of entities released: As mentioned in footnote 2 supra, the only entities released in the current version of the Settlement Agreement attached as Exhibit A are Amazon.com.ksdc, LLC, the named Defendant in this Lawsuit, and Amazon.com Services, Inc., the entity that Amazon.com.ksdc merged into. *See* first paragraph of Exhibit A and Exhibit A at II.y (definition of Settling Parties). The Parties deleted all references to the term "Released Parties" used in prior versions of Exhibit A and, as a result, no longer seek to release Amazon's "past, present and future parents, subsidiaries, affiliates, successors, divisions, suppliers, contractors, sub-contractors, predecessors, assigns,

---

[2] Amazon is defined in Exhibit A as Amazon.com Services, Inc., formerly Amazon.com.ksdc, LLC. During the pendency of this lawsuit and as part of an unrelated corporate restructuring, the legal entity Amazon.com.ksdc, LLC merged into Amazon.com Services, Inc.

holding companies, and joint venturers, and each of its respective past or present directors, officers, employees, partners, members, managers, shareholders, attorneys, and personal or legal representatives, in the their individual and corporate capacities."

- Confidentiality: The Parties have removed any and all confidentiality provisions or references to the word "confidential" in their current Settlement Agreement attached as Exhibit A. *See* Exhibit A; Doc. 43 at 5 (Court acknowledging one such provision removed in prior iteration). Specifically, the Parties have removed from the Settlement Agreement language stating that the "Agreement and the negotiations leading up to it will be inadmissible and kept confidential by Class Counsel and the Settlement Class Members to the maximum extent permissible by law." Further, the parties no longer refer to a "Confidential Class List" and instead reference a Class List.

- Confidential General Release: As mentioned above and acknowledged by the Court, the Settlement Class Representative and Defendant are no longer entering into a "General" or more broad release than any other Settlement Class Member on a confidential or non-confidential basis. Doc. 43 at 5.

- Non-Disparagement: The Parties have removed the non-disparagement provision. *See* Exhibit A; Doc. 43 at 5 (Court acknowledging such provision removed in prior iteration).

- Employment Prohibition: The Parties have removed the prohibition on future employment. *See* Exhibit A; Doc. 43 at 5 (Court acknowledging such provision removed in prior iteration).

- Unclaimed funds to Defendant (and potential litigation): The Settlement Agreement now states that any and all unclaimed funds from the Net Settlement Amount will be redistributed to the Participating Plaintiffs. Exhibit A at III.7.1. This redistribution will occur automatically and without the need for any litigation and will solve the potential problem of low participation rate in terms of amounts not given to employees or former employees.[3] *Id*.

- Service Award: Plaintiff agrees to seek a Service Award of not more than $2,500, a reduction of $2,500.[4] *See* Exhibit A at II.u..

- Fees and Costs: Counsel will seek fees and costs not to exceed $22,467.62 (up to $20,000 in fees and $2,467.62 in costs), a reduction of $15,000 in fees.[5] *See* Exhibit

---

[3] This provision ensures that the Participating Plaintiffs will be awarded the full Net Settlement Amount of $36,668.38 available to them.

[4] Plaintiff has been closely involved in this case. He consistently and diligently assisted counsel in person and via telephone and e-mail. He spent time educating counsel, reviewing discovery materials, and preparing for and attending the mediation. Impressively, he travelled from his current home in Denver to Kansas City to attend the full day mediation session, in which he was an active participant. In total, Plaintiff estimates he dedicated forty-five (45) hours of his own time to the prosecution of this case. *See* Doc. 34 (further summarizing Plaintiff's efforts and attaching his sworn affidavit). Although this issue will be finally decided at the conclusion of the case, Plaintiff offers these details for the Court's benefit in deciding the current motion. Courts commonly approve service awards around this amount for similar efforts by initiating plaintiffs. *See, e.g., In re Sprint Corp. Erisa Litigation*., 443 F. Supp. 2d 1249 (D. Kan., 2006) (approving award of $5,000 ); *In re WorldCom, Inc. ERISA Litig.,* Case No. 02-4816 (approving award of $5,000); *AGF Risch v. Natoli Eng'g Co*., No. 4:11CV1621 (E.D. Mo., Sept. 24, 2012) (approving award of $5,000); *Simmons v. Enter. Holdings, Inc*., No. 4:10CV00625AGF (E.D. Mo., July 13, 2012) (approving award of $6,000 for service award and in consideration for providing a general release).

[5] Although the issue of attorney fees will be finally addressed at the final approval stage, for purposes of obtaining preliminary approval of the Settlement Agreement, Plaintiff directs the Court to *Renteria-Camacho v. Directv, Inc. and Directv, LLC*, Case No. 14-2529 (Memorandum and Order dated August 1, 2018). There, the Court approved a fees award which was approximately four times the amount taken home by the Plaintiff ($26,000 to $6,400). Here, in contrast, the fees in question are far less than the amount obtained for the class ($20,000 to $36,668.38). And similar to *Renteria-Camacho*, the fees here are the result of a *substantial* lodestar reduction. *See* Doc. 32 at 6 (demonstrating with sworn affidavit that prior request of $35,000 was already a modestly reduced lodestar amount and computed to less than $150 per hour invested in the case). Lastly, an ideal ratio between attorneys' fees and the amount obtained is not always possible because of the "nature" of some FLSA cases. *See McFeeters v. Brand Plumbing, Inc.,* Case No. 16-1122-EFM-KGS (Memorandum and Order dated December 18, 2017) (at 8) (footnote 18) (awarding $8,851 in fees on $6,529 in proceeds) (such imbalance "does not take away from the time that

A at II.e. Defendant has reserved the right to object to the attorney's fees claimed at the final approval stage to subject it to testing through the adversarial process. *See* Exhibit A at III.9.3.

To the best they can tell, the Parties have cured all defects identified by the Court, and Plaintiff, therefore, respectfully suggests that the Settlement Agreement is fair and reasonable.

### 2. The Parties' Proposed Notice is Fair and Accurate.

The Parties' proposed notice and consent documents, which are attached to the Settlement Agreement and about which the Court sets forth no objections, are heavily modeled on examples provided on the Federal Judicial Center's ("FJC") website, https://www.fjc.gov/content/301253/illustrative-forms-class-action-notices-introduction. The FJC "is the research and education agency of the judicial branch of the United States Government." https://www.fjc.gov/about. The FJC "supports the efficient, effective administration of justice and judicial independence." *Id.* "Its status as a separate agency within the judicial branch, its specific missions, and its specialized expertise enable it to pursue and encourage critical and careful examination of ways to improve judicial administration." *Id.* The FJC's illustrative notices are routinely approved by district courts in FLSA cases. *See, e.g., Allen v. Mill-Tel, Inc.*, No. 11-1143-EFM-KGS, 2012 WL 2872160, at *6 (D. Kan. July 12, 2012); *Knight v. Mill-Tel, Inc.*, No. 11-1143-EFM, 2013 WL 3895341, at *9 (D. Kan. July 29, 2013*); Hadley v. Wintrust Mortg. Corp.*, No. 10-2574-EFM, 2011 WL 4600623, at *3 (D. Kan. Oct. 3, 2011); *Tommey v. Computer Scis. Corp.*, No. 11-CV-2214-EFM-GLR, 2013 WL 1304186, at *7 (D. Kan. March 27, 2013); *Porter*

---

Plaintiffs' counsel expended on the case"). Indeed, excessive reduction of lodestar calculations – on proportionality grounds – would only deter FLSA counsel from accepting small-to-mid FLSA claims. Such a result would certainly not be consistent the spirit of the FLSA.

*v. W. Side Rest., LLC,* No. 13-1112-JAR-KGG, 2014 WL 1642152, at *13 (D. Kan. April 24, 2014).[6]

### III.   Conclusion

For these reasons, this Court should issue an Order preliminarily approving the Settlement Agreement, and approving the notice to the Settlement Class Members.

**WHEREFORE**, Plaintiff respectfully requests the Court to grant this motion.

Respectfully submitted,

/s/ Morgan L. Roach
Morgan L. Roach, #23060
Jeff S. Kratofil, #23983
MCCAULEY & ROACH, LLC
527 W. 39th St., Suite 200
Kansas City, MO  64111
Telephone: (816) 523-1700
Facsimile: (816) 523-1708
morgan@mccauleyroach.com
**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the District of Kansas on May 31, 2019, with notice of case activity generated and sent to counsel of record.

/s/ Morgan L. Roach

---

[6] In the interest of efficiency, and given the small size of the class, as well as the upcoming trial date, the parties have revised the Settlement Agreement and Notice documents to reflect a thirty (30) day rather than sixty (60) day opt-in period.