# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WYATT CHRISTESON, individually and on behalf of a class of similarly situated employees, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | No. 18-2043-KHV |
| AMAZON.COM.KSDC, LLC, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

After the parties informed the Court on August 6, 2018 that they had reached a settlement, they filed a series of unsuccessful motions for approval of a settlement agreement, attorney's fees and costs and a service award. See Joint Notice Of Settlement (Doc. #20) filed August 6, 2018; Joint Motion To Approve Settlement Agreement And Release (Doc. #29) filed December 10, 2018; Plaintiff's Unopposed Motion To Approve Fees, Costs, And Expenses (Doc. #31) filed December 10, 2018; Plaintiff's Unopposed Motion To Approve Service Award (Doc. #33) filed December 10, 2018; Plaintiff's Unopposed Motion For Conditional Certification Of Proposed Settlement Class And Preliminary Approval Of The Parties' Settlement Agreement And Release And Notice To Settlement Class Members (Doc. #40) filed April 30, 2019. This matter comes before the Court on the third try: Plaintiff's Renewed Unopposed Motion For Approval Of Parties' Settlement Agreement And Release And Notice To Class Members (Doc. #45) filed May 31, 2019. For reasons stated below, the Court overrules the motion.

## Analysis

### I. FLSA Collective Action Conditional Certification

The Court has previously conditionally certified a collective action consisting of "Christeson and seven other IT Support Engineers who worked for Amazon at any time between January 25, 2015 and March 31, 2018." Memorandum And Order (Doc. #43) filed May 16, 2019 at 7.

### II. Proposed Notice

Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter plaintiff's proposed notice unless such alteration is necessary. Creten-Miller v. Westlake Hardware, Inc., No. 08-2351-KHV, 2009 WL 2058734, at *2 (D. Kan. July 15, 2009). Here, plaintiff asserts that the parties have modeled the proposed notice on samples provided by the Federal Judicial Center and that courts routinely approve similar notices. Because the Court cannot preliminarily approve the amended settlement agreement, review of the proposed notice is premature.

### III. FLSA Collective Action Preliminary Settlement Approval

In its previous orders, the Court found that this litigation involves a bona fide dispute. Memorandum And Order (Doc. #35) filed January 29, 2019 at 11; Memorandum And Order (Doc. #43) at 8. In addition, the Court found no evidence that plaintiff has used the class action for unfair personal gain. Thus, the remaining issues are whether the amended settlement agreement is fair and equitable to all parties concerned and whether the proposed attorney's fee and service awards are reasonable.

A.  Fair And Equitable

In the amended settlement agreement, the parties have made the following changes: (1) narrowed the release of claims to include any claim arising under the FLSA; (2) amended the overly broad release of parties; (3) removed confidentiality provisions; (4) removed a confidential general release; (5) removed a non-disparagement clause; (6) removed a prohibition on plaintiff's future employment; (7) resolved the risk of unnecessary ancillary litigation by automatically redistributing any unclaimed funds to participating plaintiffs; (8) reduced the maximum service award that plaintiff will seek; (9) reduced the maximum cost and fee award that class counsel will seek; and (10) reserved to defendant the right to challenge requested attorney's fees through the adversarial process. Plaintiff's Renewed Unopposed Motion For Approval (Doc. #45) at 6-9.

Although the parties have substantially addressed the Court's concerns, the proposed release still improperly exceeds the allegations in the complaint. See Robinson v. Flowers Baking Co. of Lenexa, No. 16-2669-JWL, 2017 WL 4037720, at *2 (D. Kan. Sept. 13, 2017); Barbosa v. Nat'l Beef Packing Co., No. 12-2311-KHV, 2014 WL 5099423, at *8 (D. Kan. Oct. 10, 2014) (overly-broad release inappropriate in FLSA settlement); Gambrell v. Weber Carpet, Inc., No. 10-2131-KHV, 2012 WL 5306273, at *6 (D. Kan. Oct. 29, 2012) (general release contrary to history and policy of FLSA). The parties assert that the "[s]ettlement [a]greement no longer releases state or local wage and hour laws, ordinances, or any other claims beyond the FLSA claim specifically pled by [p]laintiff in his [c]omplaint." Plaintiff's Renewed Unopposed Motion For Approval (Doc. #45) at 6. This statement is flat-out misleading. The proposed settlement agreement states that participating plaintiffs release "any and all claims arising under the FLSA against Amazon." See id. (footnote omitted). The release is not limited to the FLSA claims which plaintiff

specifically pled in his complaint.[1] The Court cannot preliminarily approve the proposed settlement agreement because the parties have yet again failed to appropriately narrow the release of claims so that it tracks the claims asserted in the complaint.

B. Attorney's Fees, Costs And Service Award

Under the amended settlement agreement, plaintiff has reduced the attorney's fee request from $35,000.00 to $20,000.00 and the service award from $5,000.00 to $2,500.00. Defendant will pay up to $22,467.62 in attorney's fees and costs and up to $2,500.00 for a service award to plaintiff, and defendant has reserved the right to challenge any such award. The Court will make a final determination as to the appropriate amount of the service award and attorney's fees and costs when the parties file for final settlement approval.

**IT IS THEREFORE ORDERED** that Plaintiff's Renewed Unopposed Motion For Approval Of Parties' Settlement Agreement And Release And Notice To Class Members (Doc. #45) filed May 31, 2019 is **OVERRRULED**.

Dated this 6th day of August, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] In addition, the proposed notice states that any participating plaintiff forfeits "any right to sue Amazon separately based on any wage payment issues related to [his or her] employment with Amazon."