IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| WYATT CHRISTESON AND | ) | |
|---|---|---|
| PATRICK J. HILLS | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 18-2043-KHV |
| | ) | |
| AMAZON.COM SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Wyatt Christeson brings suit against Amazon.com Services, Inc. to recover unpaid wages, liquidated damages, punitive damages, costs and attorney fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. On August 6, 2019, Patrick J. Hills filed a notice of consent to join the lawsuit.[1] Plaintiff Consent Form (Doc. #63). This matter is before the Court on Plaintiffs' Unopposed Motion For Approval Of Settlement Agreement And Release And Motion For Dismissal Of Lawsuit With Prejudice (Doc. #67) filed August 9, 2019. For reasons stated below, the Court sustains the motion in part.

### Procedural And Factual Background

The named plaintiff initially filed this lawsuit as a collective action and the Court conditionally certified a class consisting of "Christeson and seven other IT Support Engineers who worked for Amazon at any time between January 25, 2015 and March 31, 2018." Memorandum

---

[1] On August 22, 2019, the Court ordered plaintiff to show cause why Hills' notice of consent to join should not be stricken from the record. See Order To Show Cause (Doc. #72). After further review, the Court finds that Hills' notice of consent is sufficient and he is a proper party plaintiff. See Mickles on behalf of herself v. Country Club Inc., 887 F.3d 1270, 1278 (11th Cir. 2018).

And Order (Doc. #43) filed May 16, 2019 at 7; see Complaint (Doc. #1) filed January 25, 2018. After three unsuccessful motions for approval of a collective action settlement agreement, attorney fees and costs and a service award,[2] named plaintiff (now joined by Hills) has decided to change courses. Plaintiffs request that the Court (1) decertify the conditionally certified class;[3] (2) approve the settlement agreement between plaintiffs and Amazon; (3) approve an attorney fee and costs award; and (4) dismiss this action with prejudice.

Under the settlement agreement, Amazon will pay a total of $32,853.16. Of that amount, Amazon will pay $6,553.36 to Christeson and $7,341.28 to Hills. The parties calculated these figures by awarding plaintiffs each $250.00 for any de minimis time worked, plus approximately $394.00 for each instance that plaintiffs recorded approximately 40, 49 or 55 hours in a work week. In exchange, plaintiffs will release the FLSA claims which are specifically set forth in the complaint.

The rest of the settlement fund ($18,958.52) will go to plaintiffs' attorney and to cover costs and expenses. Plaintiffs request $15,000.00 for attorney fees and $3,958.52 for costs and

---

[2] See Joint Notice Of Settlement (Doc. #20) filed August 6, 2018; Joint Motion To Approve Settlement Agreement And Release (Doc. #29) filed December 10, 2018; Plaintiff's Unopposed Motion To Approve Fees, Costs, And Expenses (Doc. #31) filed December 10, 2018; Plaintiff's Unopposed Motion To Approve Service Award (Doc. #33) filed December 10, 2018; Plaintiff's Unopposed Motion For Conditional Certification Of Proposed Settlement Class And Preliminary Approval Of The Parties' Settlement Agreement And Release And Notice To Settlement Class Members (Doc. #40) filed April 30, 2019; Plaintiff's Renewed Unopposed Motion For Approval Of Parties' Settlement Agreement And Release And Notice To Class Members (Doc. #45) filed May 31, 2019.

[3] Plaintiffs did not file a motion to decertify and did not brief the issue. Accordingly, on August 22, 2019, the Court overruled plaintiff's request for decertification of the conditional class. Order (Doc. #71).

expenses.[4] Plaintiffs' counsel asserts that he or she has spent more than 300 hours on this matter and seeks $15,000.00 in fees, which equates to an hourly rate of $50.00. If the Court reduces the cost and fee award, the parties will redistribute any remaining funds to plaintiffs. Any Court-ordered reduction of the cost and fee award will not affect the validity of the settlement. Amazon reserves the right to object to the proposed cost and fee award and subject it to testing through the adversarial process, but it does not actually object to plaintiffs' request for a cost and fee award of $18,958.52. Defendant's Response To Plaintiffs' Request For Attorneys' Fees (Doc. #68) filed August 9, 2019 at 2.

## Analysis

**I.    Motion To Approve Settlement**

When employees file suit against their employer under the FLSA, the parties must present any proposed settlement to the Court for review and a determination whether the settlement is fair and reasonable. McCaffrey v. Mortgage Sources, Corp., No. 08-2660-KHV, 2011 WL 32436, at *2 (D. Kan. Jan. 5, 2011); see Lynn's Food Stores v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The provisions of the FLSA are not subject to private negotiation between employers and employees. See Lynn's Food Stores, 679 F.2d at 1352 (citing Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706-07); Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1234 (M.D. Fla. 2010); Collins v. Sanderson Farms, Inc., 568 F. Supp. 2d 714, 718 (E.D. La. 2008). To allow such waivers would nullify the effectiveness of the Act. Collins, 568 F. Supp. 2d at 712. Requiring

---

[4]    Plaintiffs assert the following itemized costs: (1) filing fee ($400.00); (2) postage ($7.62); (3) mediation fees ($2,060.00); (4) travel reimbursement ($17.40); (5) additional postage ($13.45); and (6) expenses for depositions of Wyatt Christeson ($759.45), Michael Foster ($362.80) and Craig Smith ($337.80).

the Court to approve such settlements thus effectuates the purpose of the FLSA—to "protect certain groups of the population from substandard wages and excessive hours . . . due to the unequal bargaining power as between employer and employee," which may "endanger[ ] national health and well-being and the free flow of goods in interstate commerce." Brooklyn Sav. Bank, 324 U.S. at 706. To approve an FLSA settlement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned and (3) the proposed settlement contains an award of reasonable attorney fees. See McCaffrey, 2011 WL 32436, at *2; Lynn's Food Stores, 679 F.2d at 1354.

    A.    Bona Fide Dispute

In its previous orders, the Court found a bona fide dispute, so now it must only determine whether the settlement is fair and reasonable and whether the requested attorney fees and costs are reasonable. Memorandum And Order (Doc. #35) filed January 29, 2019 at 11; Memorandum And Order (Doc. #43) at 8.

    B.    Fair And Reasonable

To be fair and reasonable, an FLSA settlement must be reasonable to the employees and must not frustrate FLSA policies. When determining the reasonableness of a settlement, the framework for evaluating the fairness of a class action settlement is instructive. McCaffrey, 2011 WL 32436, at *2. The Tenth Circuit considers the following factors when deciding whether to approve a class action settlement under Rule 23(e), Fed. R. Civ. P.: (1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. In its previous order, the Court

determined that these four factors weigh in favor of approving the settlement.  See Memorandum And Order (Doc. #35) filed January 29, 2019 at 11-12.   That conclusion still stands.

In addition to these factors, the Court must also ensure that the settlement does not undermine the purpose of the FLSA to protect employees' rights from employers who generally wield superior bargaining power.  To do so, the Court considers the following factors: (1) presence of employees situated similarly to plaintiff, (2) a likelihood that plaintiffs' circumstances will recur and (3) a history of FLSA non-compliance by defendant or others in defendant's industry.  Dees, 706 F. Supp. 2d at 1244.

The record reflects that the settlement is consistent with the purpose of the FLSA. Although the record indicates that other employees are situated similarly to plaintiffs, those individuals are free to pursue their own claims in separate actions.   In addition, the record suggests no reason why similar conduct is likely to recur.   Finally, the record does not reflect a history of FLSA non-compliance by defendant or others in its industry.

The Court therefore finds that the settlement is fair and reasonable.

**II.    Attorney Fees And Costs**

Plaintiffs request $18,958.52 in attorney fees and costs, which is substantially more than the combined $13,894.64 plaintiffs will recover – approximately 136 per cent, in fact, of plaintiffs' recovery.   The FLSA requires that settlement agreements include an award of reasonable attorney fees and costs.  29 U.S.C. § 216(b); Gambrell v. Weber Carpet, Inc., No. 10-2131-KHV, 2012 WL 162403, at *3 (D. Kan. Jan. 19, 2012); Peterson v. Mortgage Sources, Corp., No. 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011).   Though the Court has discretion to determine the amount and reasonableness of the fee, the FLSA fee award is mandatory.  Gambrell, 2012 WL 162403, at *3 (citing Wright v. U-Let-Us Skycap Servs., Inc., 648 F. Supp. 1216, 1218

(D. Colo. 1986)).  When a settlement creates a common fund, courts apply one of two methods to determine reasonable attorney fee awards: a percentage of the fund or the lodestar method.  See Rosenbaum v. MacAllister, 64 F.3d 1439, 1445 (10th Cir. 1995).  The Tenth Circuit applies a hybrid approach, which combines the percentage fee method with the specific factors traditionally used to calculate the lodestar.  See Gottlieb v. Barry, 43 F.3d 474, 483 (10th Cir. 1994).  In all cases, the Court must consider the factors listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).  See Rosenbaum, 64 F.3d at 1445; Ramos v. Lamm, 713 F.2d 546, 552 (10th Cir. 1983), overruled on other grounds by Pennsylvania v. Del Valley Citizens' Council for Clean Air, 483 U.S. 711, 725 (1987).

Where the parties propose a percentage of the fund approach, as they do in this case, the Court has discretion to reduce an award of attorney fees which it determines would be unreasonable under the lodestar approach.  See Wininger v. SI Mgmt. L.P., 301 F.3d 1115, 1125 (9th Cir. 2002); see also Powers v. Eichen, 229 F.3d 1249, 1258 (9th Cir. 2000) (neither lodestar nor percentage method should be applied in formulaic or mechanical fashion); In re Petrol. Prods. Antitrust Litig., 109 F.3d 602, 607 (9th Cir. 1997) (where lodestar amount overcompensates attorneys according to benchmark standard, second look to evaluate reasonableness of hours worked and rates claimed is appropriate).  The percentage reflected in a common fund award must be reasonable and, as in statutory fee cases, the Court must articulate specific reasons for fee awards demonstrating the reasonableness of the percentage and thus the reasonableness of the fee award.  See Brown v. Phillips Petrol. Co., 838 F.2d 451, 454 (10th Cir. 1988).  To determine reasonableness, the Court relies heavily on the 12 factors articulated in Johnson, 488 F.2d 714. See, e.g., Ramos, 713 F.2d at 552.

The 12 Johnson factors are as follows: (1) time and labor required, (2) novelty and difficulty of the questions presented in the case, (3) skill requisite to perform the legal service properly, (4) preclusion of other employment by the attorneys due to acceptance of the case, (5) customary fee, (6) whether the fee is fixed or contingent, (7) any time limitations imposed by the client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) "undesirability" of the case, (11) nature and length of the professional relationship with the client and (12) awards in similar cases. Rosenbaum, 64 F.3d at 1445; Johnson, 488 F.2d at 717-19; Barbosa v. Nat'l Beef Packing Co., No. 12-2311-KHV, 2015 WL 4920292, at *7-8 (D. Kan. Aug. 18, 2015).

Although plaintiffs acknowledge that the Court considers the Johnson factors in assessing a fee award, they do not analyze the factors to support their requested fee award. Instead, they state that the "analysis can be abbreviated here" and that plaintiffs' counsel "humbly suggests this award is reasonable by any measure, analysis, or set of factors." Plaintiffs' Unopposed Motion (Doc. #67) at 10. In addition, they assert that their fee request is roughly a one to one ratio of attorney fee to plaintiffs' recovery and that this District has approved similar requests in other cases. Actually, plaintiffs' counsel seeks approximately 58 per cent of the settlement fund. Furthermore, plaintiffs' conclusory statements leave the Court to assess the fee award in light of the Johnson factors without the benefit of briefing.

A. Time And Labor Required

In Brown, the Tenth Circuit noted that although the "time and labor involved" factor does not necessarily determine the reasonableness of fees in the common fund situation, this factor is still relevant, and the availability of time records enhances the trial court's ability to properly evaluate it. 838 F.2d at 451 n.3. In awarding attorney fees in a common fund case, the Court

need not use the lodestar formulation to evaluate this factor when, in its judgment, the Court derives a reasonable fee by giving greater weight to other factors, the basis of which is clearly reflected in the record. Bruner v. Sprint/United Mgmt. Co., No. 07-2164-KHV, 2009 WL 2058762, at *5 (D. Kan. July 14, 2009); Barbosa, 2015 WL 4920292, at *8. The presumptively reasonable attorney fee is the product of reasonable hours multiplied by a reasonable rate, which yields a "lodestar" figure that is subject to adjustment. Lippoldt v. Cole, 468 F.3d 1204, 1222 (10th Cir. 2006); Jackson v. Austin, 267 F. Supp. 2d 1059, 1063-64 (D. Kan. 2003). Plaintiffs bear the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. Jackson, 267 F. Supp. 2d at 1063-64 (citing Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1249-50 (10th Cir. 1998)).

Here, plaintiffs' assert that counsel dedicated over 300 hours to litigating this dispute. In support, plaintiffs' counsel filed a two-page affidavit which states that the firm requires attorneys to contemporaneously record time, that the firm typically bills clients on an hourly basis and that counsel reviewed the relevant time records which reflect that his or her firm spent 300 hours on this case. The affidavit further states that plaintiffs' counsel reviewed the firm's records regarding recoverable costs which amount to $3,958.52.

Plaintiffs' counsel has not provided the Court adequate factual support or documentation for the fee and costs request. The Court must determine a reasonable fee award, which is the product of a reasonable rate multiplied by hours reasonably spent on the litigation. Lippoldt v. Cole, 468 F.3d 1204, 1222 (10th Cir. 2006). Without time records to demonstrate that the hours he or she recorded were reasonable, information regarding his or her typical hourly rate or specific dates on which he or she recorded the relevant hours, the Court cannot determine whether the time

and labor counsel claims to have expended on this matter was reasonable.[5]  Plaintiffs' counsel has failed to carry the burden of establishing the reasonableness of the hours expended and the hourly rates which he or she seeks.

     B.  <u>Novelty And Difficulty Of Questions Presented</u>

The issues in this case were neither factually complicated nor novel.

     C.  <u>Skill Requisite To Perform The Legal Service Properly</u>

Although plaintiffs' counsel states that his or her firm "regularly practices in all areas of labor and employment law," <u>Declaration Of Morgan L. Roach</u> (Doc. #67-2), the parties presented three unacceptable collective action settlement agreements to the Court before they determined to settle only two individual claims for a total of $13,894.64.   In light of the simplicity of the issues, this case did not require a high level of skill to properly perform the legal service.   Furthermore, plaintiffs' counsel exhibited below-average expertise, particularly for an attorney who purports to specialize in labor and employment matters.

     D.  <u>Preclusion Of Other Work</u>

Plaintiffs' counsel has not provided any evidence that this case precluded him or her from conducting other business.   Plaintiff filed the complaint on January 25, 2018, and counsel's claim that his or her firm expended 300 hours on this case makes it apparent that this was not a full-time effort.

     E.  <u>Customary Fee</u>

While the Tenth Circuit applies a hybrid approach in determining the reasonableness of

---

[5] Without any timesheets or documentation to show otherwise, the Court suspects that a large portion of the 300 hours which counsel recorded occurred <u>after</u> the parties had reached the initial settlement and includes hours spent representing putative class members other than Christeson and Hills.

fees in common fund cases, the customary fee award is typically a percentage of the fund. See Rosenbaum, 64 F.3d at 1445; Gottlieb, 43 F.3d at 482. This Court has also typically applied the percentage of the fund method when awarding fees in common fund, FLSA collective actions. Bruner, 2009 WL 2058762, at *7. The Court has approved fee awards in such cases ranging from four per cent to 58 per cent of the common fund, which has resulted in total fee awards ranging from a few thousand dollars to over $5 million. Id.

Here, plaintiffs request a fee and costs award that is 136 per cent of the total recovery to plaintiffs. Excluding costs, plaintiffs request fees which are 108 per cent of plaintiffs' combined recovery. This fee request is excessive.

F. Whether The Fee Is Fixed Or Contingent

Although plaintiffs' counsel states that his or her firm typically bills clients on an hourly basis, plaintiffs do not state what kind of fee arrangement they have with counsel, or what hourly rates counsel typically charges.

G. Time Limitations

Plaintiffs' counsel offers no evidence that plaintiffs imposed any time limitations on counsel during the litigation process. Although it is evident that the impending trial date of September 16, 2019 put pressure on counsel, any crisis was one of counsel's own making. In its order rejecting the parties' first settlement agreement, the Court stated that "[i]f the parties wish to proceed with the settlement, they should file a motion for conditional certification of the proposed settlement class, preliminary approval of the proposed settlement and approval of the proposed notice to putative class members." See Memorandum And Order (Doc. #35) filed January 29, 2019 at 9. The parties did not file a renewed motion for preliminary settlement approval until after the Court issued an order setting the case for trial – nearly three months later. See Order

Setting Trial Date (Doc. #37) filed April 25, 2019. In addition, the parties repeatedly filed unfair and unreasonable settlements. Counsel was being dilatory and failed to adequately consult relevant law, including the Court's prior decisions, before filing three unacceptable settlement agreements.

      H.  Amount Involved And Results Obtained

Plaintiffs' counsel achieved favorable results for plaintiffs.

      I.  Experience, Reputation And Ability Of Counsel

As noted, despite the claim of plaintiffs' counsel that his or her firm "regularly practices in all areas of labor and employment law," Declaration Of Morgan L. Roach (Doc. #67-2), the Court questions counsel's ability in this area.

      J.  "Undesirability" Of The Case

Nothing in the record indicates that this case was undesirable for plaintiffs' counsel.

      K.  Nature And Length Of The Professional Relationship With Client

Plaintiffs' counsel presents no evidence of any pre-existing attorney/client relationship with plaintiffs. The meaning of this factor, however, and its effect on the calculation of a reasonable fee has always been unclear, and courts applying the Johnson factors typically state that this factor is irrelevant or immaterial. Bruner, 2009 WL 2058762, at *9 (citing Ruiz v. Estelle, 553 F. Supp. 567, 594 (S.D. Tex. 1982)); Barbosa, 2015 WL 4920292, at *12.

      L.  Awards In Similar Cases

Plaintiffs assert that their request of a $15,000.00 fee award for a $13,894.64 total recovery to plaintiffs represents a "roughly 1:1 ratio in comparison with the recovery to [plaintiffs]," is "reasonable by any measure, analysis, or set of factors" and is consistent with this Court's guidance in prior orders. Plaintiffs' Unopposed Motion (Doc. #67) at 10-11. In support, plaintiffs cite one

case: McFeeters v. Brand Plumbing, Inc., No. 16-1122-EFM-KGS, 2017 WL 6451104 (D. Kan. Dec. 18, 2017).

In McFeeters, the court approved an FLSA settlement in which plaintiffs received a combined total of $6,529.00 and counsel received a cost and fee award of $8,851.00. Id. at *1-*2. Counsel provided the Court a fee statement which reflected time and expenses and documented that four individuals had recorded a total of 32.20 hours on the case. The fee statement indicated that the hourly rate of the four individuals ranged from $95.00 to $325.00 and that plaintiffs' counsel did not include in the request any time spent on the case after the parties had reached the initial settlement. McFeeters, 2017 WL 6451104, at *2.

Here, counsel has not informed the Court of his or her typical hourly rate, what tasks he or she included in the 300 hours or why 300 hours were necessary to resolve this case. See Bruner, 2009 WL 2058762, at *5 (denying request for attorney fees and costs in common fund case where record did "not include any contemporaneous record of hours worked, . . . [did] not identify who worked on the case, . . . [did] not explain what customary rates or contingent fee rates for those individuals would be . . . . [, and did] not address what prevailing market rates for th[e] work would be"). Counsel's lack of briefing on the lodestar factors, failure to produce timesheets or other documentation and substandard performance throughout this litigation makes an $18,958.52 fee and costs award excessive.

Based on the Johnson factors, the Court finds that an award of $3,473.66 for attorney fees and costs is reasonable. This represents 25 per cent of plaintiffs' combined recovery (i.e., 25 per cent of $13,894.64).

**IT IS THEREFORE ORDERED** that Plaintiffs' Unopposed Motion For Approval Of Settlement Agreement And Release And Motion For Dismissal Of Lawsuit With Prejudice (Doc.

#67) filed August 9, 2019 is **SUSTAINED in part**.   The Court approves the settlement agreement with the following exception: the Court finds that an award of **$3,473.66** for attorney fees and costs is reasonable.   In accordance with the settlement agreement, any remaining funds shall return to the settlement fund for distribution to plaintiffs.

Dated this 28th day of August, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
